PALMETTO FIRE INSURANCE COMPANY *v.* CONN.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO.

CHRYSLER SALES CORPORATION *v.* SPENCER, INSURANCE COMMISSIONER.

UTTERBACK-GLEASON COMPANY *v.* SPENCER, INSURANCE COMMISSIONER.

APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE.

CLARK MOTOR COMPANY *v.* JOHNSON, COMMISSIONER OF INSURANCE.

CHRYSLER SALES CORPORATION *v.* JOHNSON, COMMISSIONER OF INSURANCE.

APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN.

Nos. 255, 273, 274, 286, 287. Argued October 11, 1926.—Decided October 25, 1926.

1. By the terms of a " blanket " contract entered into in Michigan between a South Carolina insurance company and a Michigan sales company, engaged in marketing all the automobiles of a particular make, the insurance company insured future purchasers of the cars against fire and theft; the insurance was to become

automatically effective whenever anyone bought a car and took delivery or a bill of sale, without regard to the wish of the purchaser; the sales company was to make monthly reports to the insurance company of all cars for which insurance was thus provided and pay premiums accordingly, in Michigan; and the insurance company was to send certificates of insurance to the respective purchasers.

*Held,* that where such insurance became effective through sales of cars in other States, though sold by distributors and retail dealers who owned them and were not agents of the sales company, laws of those States regulating and taxing insurance were constitutionally applicable to such local transactions, and that the fact that the cost of the insurance was taken up in the price of the cars so sold did not prevent the insurance from being reached. P. 304.

2. The courts of the United States should not go beyond necessity to instruct officials of a State as to the meaning of a state law. P. 305.

9 F. (2d) 202; *Id.* 666; *Id.* 674—affirmed.

THE first of these cases is an appeal from an order of the District Court refusing an interlocutory injunction, in a suit by the Palmetto Fire Ins. Co., a South Carolina corporation, to restrain Conn, the Superintendent of Insurance of Ohio, from revoking the plaintiff's license to do business in Ohio. The other four cases are appeals from like orders, in suits brought in Maine and Wisconsin, by dealers in automobiles, to enjoin the insurance commissioners of those States from sending out letters, etc., accusing the plaintiffs of violating the local insurance laws, and announcing publicly that insurance on the cars they sold was void; and to enjoin them from bringing criminal prosecutions, or actions for penalties, or otherwise interfering with the sale of the cars in those two States, respectively. Johnson, Commissioner of Insurance, appellee in Nos. 286 and 287, was substituted in this Court for Smith, his predecessor in office.

*Mr. Hartwell Cabell,* with whom *Messrs. Wm. O. Henderson, Karl E. Burr, Milton B. Ignatius,* and *James M. Lown* were on the brief, for appellant in No. 255.

The Court had jurisdiction to grant relief. *St. Louis R. Co.* v. *Cross,* 171 Fed. 480; *Harrison* v. *St. Louis R. Co.,* 232 U. S. 318.

A State cannot revoke its license to a foreign corporation on account of the exercise by the corporation of a constitutional right. *Lafayette Ins. Co.* v. *French,* 18 How. 404; *Ins. Co.* v. *Morse,* 20 Wall. 445; *Terral* v. *Burke Const. Co.,* 257 U. S. 529; *Western Union* v. *Foster,* 247 U. S. 105; *St. Louis Compress Co.* v. *Arkansas,* 260 U. S. 346; *Fidelity Co.* v. *Tafoya,* 270 U. S. 426; *Doyle* v. *Cont. Ins. Co.,* 94 U. S. 535; *Security Ins. Co.* v. *Prewitt,* 202 U. S. 246. A state statute which interferes with or curtails the freedom of contract outside the State is unconstitutional and void. *Allgeyer* v. *Louisiana,* 165 U. S. 578; *N. Y. Life* v. *Head,* 234 U. S. 149; *N. Y. Life* v. *Dodge,* 246 U. S. 357; *Compress Co.* v. *Arkansas,* 260 U. S. 346; *Aetna Ins. Co.* v. *Dunken,* 266 U. S. 389; *Stone* v. *Penn. Yan Ry.,* 197 N .Y. 279; *Huntington* v. *Sheehan,* 206 N. Y. 486; *Palmetto Ins. Co.* v. *Beha,* 13 Fed. (2d) 500.

The Chrysler-Palmetto policy is a Michigan contract and all business thereunder is transacted by the Palmetto in Michigan and is beyond the jurisdiction and control of Ohio and its officers. *Palmetto Ins. Co.* v. *Beha, supra.* A policy of insurance and a certificate of insurance issued under an open policy are two entirely different things. One is a unilateral contract between the designated parties; the other is the evidence of a beneficial interest in a third party under a contract made between A. and B. *Diamond Alkali Co.* v. *Bourgeois,* 3 K. B. Div. 1921; *Connor* v. *Manchester Assur. Co.,* 130 Fed. 743. Since *Paul* v. *Virginia,* 8 Wall. 168, it may be taken as settled so far as our law is concerned, that insurance is not a " commodity;" that it does not attach to the subject of insurance, be it a building, a vessel, or any other kind of property, but is a personal contract of indemnity. In the

Chrysler-Palmetto plan, the insurance does not attach to the car. The purchaser is no party to the contract. The contract was made for his benefit by the Chrysler Sales Company and the Palmetto long before his purchase of a Chrysler car brought him within the designated class of persons who were to profit by the insurance. He is not called upon to accept and although he need not avail himself of the "cover" he cannot by refusal prevent the insurance coming into effect.

Nor is the dealer who sells the car a party to any insurance transaction. He does not tender a proposal to insure, nor does he give insurance along with the car. The mere fact that upon a sale by him to a third person of a piece of property belonging to him, this third person comes within a class of beneficiaries named in a contract between other parties, in the making of which he had no part, cannot in itself constitute a transaction under that contract. Open or running policies "for the benefit of whom it may concern" are today a common form of insurance. It would be absurd to say that a purchasing agent or merchandise broker who buys for his principal, is engaged in the insurance business, and must take out an insurance broker's or agent's license, simply because the moment he makes his purchase his principal is automatically insured under an open policy, with the taking out of which the agent or broker had nothing whatever to do.

The insurance contract under discussion was made in Detroit, Michigan, the certificates are mailed from there, and the losses paid from there. The insurance is not in the form of an offer to insure, as seems to have been the thought of the judges who sat in Maine and Wisconsin, but a *fait accompli*, which needed no tender or acceptance on the part of either dealer or purchaser. The Palmetto is bound regardless of what either dealer or purchaser wants or says or does. The dealer has no authority from the Palmetto, gets no remuneration, or commission, and

the purchaser has no option. There is no element of compulsion involved in the insurance.

There is here no restraint of trade under the Ohio statutes. The procedure required by the Ohio law for determining the financial condition of insurance companies has not been followed and the charge that the insurance company is " in an unsound condition," in the absence of some testimony is not available as the basis for the revocation of a license.

*Mr. Duane R. Dills* for the appellants, in Nos. 273, 274, 286, and 287.

Chrysler dealers in Wisconsin and Maine are independent automobile merchants and not insurance agents. They sell cars at retail which they had previously bought and paid for at wholesale. The dealers had no voice in the making and no control over the operation of the Michigan policy. *Palmetto Ins. Co.* v. *Beha,* 13 Fed. (2d) 500, correctly states the law in respect of the Michigan blanket policy and dealers' acts in the sale of the cars.

The Wisconsin and Maine insurance statutes by their terms are not applicable to the acts of the dealers in selling the cars, and do not sanction the threatened acts of the Commissioners of Insurance of those States. The dealers do not effect insurance, do not collect premiums nor forward applications for insurance; they receive no remuneration for effecting insurance and make no fraudulent representations in respect of insurance; the dealers receive only their usual profit for the sale of their own property. The fact that Chrysler in a foreign State had included the cost of insurance as an overhead expense in the wholesale price of the cars to the dealer does not constitute the paying of a premium by the dealer in the purchase at wholesale of the cars, nor the collecting of a premium by the dealer from the retail purchaser when the car is sold at retail for sufficient to reimburse him for his wholesale price plus his usual profit. The dealers

are not agents of the insurance company; they have no communication with it and have no authority to act for it.

The insurance is by virtue of the Michigan contract. The Michigan policy is a completed contract notwithstanding the postponement of its operative effect until the retail sale of a car. The operative effects of " for whom it may concern " policies usually are postponed both as to the identification of the property covered and of the person or persons insured. See *Hagan* v. *Scottish Union Ins. Co.,* 186 U. S. 423. The acceptance of the benefits of the Michigan policy by the retail purchasers and other beneficiaries does not constitute the making of several new contracts. Their rights are those of a third party to a contract made for their benefit. *Nutting* v. *Massachusetts,* 183 U. S. 553; *Amer. Ins. Co.* v. *King Lumber Co.,* 250 U. S. 2; *Hooper* v. *California,* 155 U. S. 648; *Cain* v. *State,* 103 Miss. 701; *Bartlett* v. *Rotchschild,* 214 Pa. 421; *Anderson* v. *Northwestern Ins. Co.,* 51 N. D. 917; *State* v. *Arlington,* 157 N. C. 640; *Vertrees* v. *Head,* 138 Ky. 83; *St. Louis Compress Co.* v. *Arkansas,* 260 U. S. 346; *Hunter* v. *Mut. Ins. Co.,* 218 U. S. 573; *Prov. Sav. Soc.* v. *Kentucky,* 239 U. S. 103; *State* v. *Int. Paper Co.,* 96 Vt. 506; *Stone* v. *Old Colony Ry. Co.,* 212 Mass. 459.

The retail sale of cars covered by the policy does not subject the insurance company to liability for taxes in Wisconsin and Maine. See *St. Louis Compress Co.* v. *Arkansas, supra.* Nor do the dealers become agents of the insurance company for the purpose of service of process. See *Minn. Comm. Assn.* v. *Benn,* 261 U. S. 140. If the Wisconsin and Maine statutes should be so construed as to penalize the acts done by the dealers in these cases, they would be unconstitutional to that extent. These cases come within the principles laid down by this Court in *Allgeyer* v. *Louisiana,* 165 U. S. 578; *Minn. Comm. Assn.* v. *Benn, supra; Aetna Ins. Co.* v. *Dunken,* 266 U. S. 389, and are to be distinguished from *Hooper* v.

*California,* 155 U. S. 648; *Nutting* v. *Massachusetts,* 183 U. S. 553, in that the dealers do no overt act of insurance within the States of Wisconsin and Maine other than to conduct their legitimate business of selling cars.

The States and the officers of the States cannot use their powers to accomplish a forbidden result; and the attempt of the Insurance Commissioners to prevent the sale of Chrysler cars in their respective States because Chrysler in a foreign State included, as an overhead expense, the cost of insurance in the wholesale price of the car, amounts to a placing of a burden on interstate commerce. While insurance is not in itself a commodity the subject of interstate commerce, nevertheless an attempt to regulate it when effected in a foreign State because its cost entered into the price of the commodity is an interference with the sale of the commodity itself in interstate commerce. See *Thames Ins. Co.* v. *United States,* 237 U. S. 19; *Shafer* v. *Farmers Grain Co.,* 268 U. S. 189; *Alpha Cement Co.* v. *Massachusetts,* 268 U. S. 203. The Commissioners of Insurance have no constitutional right to arbitrarily interfere with the legitimate business of a Chrysler dealer in the sale of his car.

*Mr. C. S. Younger,* with whom *Mr. C. C. Crabbe* was on the brief, for the appellee in No. 255.

The action of the plaintiff, coming about four hours after the license had been revoked by the defendant, rendered the only question then remaining a moot one. *Miner* v. *Witt,* 82 O. S. 237; *District Board* v. *State,* 92 O. S. 507; *Pollitz* v. *Pub. Util. Comm.,* 93 O. S. 483; *State ex rel. Campbell* v. *Grimes,* 94 O. S. 457; *Owens* v. *Board of Education,* 95 O. S. 407; *O'Dwyer* v. *Ohio,* 109 O. S. 621; *Kimball* v. *Kimball,* 174 U. S. 158; *People ex rel. Kingsland* v. *Clark,* 70 N. Y. 518.

The power of a State to regulate business affected with a public interest, within its borders, whether of a domestic or a foreign corporation, is not open to question. The

State has power, either wholly to exclude a foreign insur-
ance company from doing business within its limits, or
to impose on it such terms as it deems proper as a condi-
tion precedent to its right to do business within its limits.
*Whitfield* v. *Aetna Ins. Co.,* 205 U. S. 489; *Carrol* v.
*Greenwich Ins. Co.,* 199 U. S. 401; *Conn. Ins. Co.* v.
*Spratley,* 172 U. S. 602; *Vorys* v. *Connell,* 67 O. S. 15.

The State has a right and a duty to regulate the busi-
ness of insurance. *Allgeyer* v. *Louisiana,* 165 U. S. 578.

In order that the purchaser of a car may have the
benefit of this insurance, it is necessary that there shall
appear an intermediary in the person of the automobile
salesman. In the sale of a car he represents that insur-
ance is included. If the purchaser buys a car, it is
through this salesman. If a purchaser obtains a certifi-
cate of insurance on the property, it is through the inter-
vention of the same salesman. The intermediary be-
tween the purchaser and the Chrysler Corporation is the
salesman. The intermediary between the purchaser and
the insurance company is the salesman. It is impossible
to disassociate the sale of the car from the sale of the
insurance. When the dealer reports the sale of a car
to the general agent of the insurance company, why is
he not the agent of the insurance company in that trans-
action? He certainly is not the agent of the purchaser,
because that operation is entirely unknown to the pur-
chaser. The insurance never had effective existence until
the sale at retail, by its very terms, or, as it may differ-
ently be stated, it is only to be made operative by an act
of the retail dealer, and, the legal concept of insurance is
that in the absence of special circumstances it does not
attach to property but to persons. *Carpenter* v. *Provi-
dence Co.,* 16 Pet. 495; *Paul* v. *Virginia,* 8 Wall. 168; *N. Y.
Ins. Co.* v. *Deer Lodge,* 231 U. S. 495. The sale of the car
is the last act to be done to make the insurance contract
effective. That act takes place in Ohio and up to that
minute no insurance has been in force under a contract.

Under the provisions of § 9586, General Code of Ohio, the person performing that act becomes the agent of the insurance company which "thereafter" issues a certificate or policy, if you please, to the purchaser.

As to what constitutes doing business, see *Lumbermen's Ins. Co.* v. *Meyer,* 197 U. S. 407; *Laurentide Co.* v. *Durey,* 231 Fed. 228; *Traveling Men's Assn.* v. *Ruge,* 242 Fed. 766; *Beach* v. *Kerr Co.,* 243 Fed. 710; *Phillips Co.* v. *Everett,* 262 Fed. 344.

*Mr. Raymond Fellows,* Attorney General of Maine, with whom *Mr. J. F. Gould* was on the brief, for appellees in Nos. 273 and 274.

*Mr. T. L. McIntosh,* Assistant Attorney General of Wisconsin, with whom *Messrs. Herman L. Ekern,* Attorney General, and *Walter H. Bennett* were on the brief, for appellees in Nos. 286 and 287.

Mr. JUSTICE HOLMES delivered the opinion of the Court.

These cases all raise the same question. The first, *Palmetto Fire Insurance Company* v. *Conn,* is a suit to enjoin the Ohio Superintendent of Insurance from revoking the license of the plaintiff, a corporation of South Carolina, to do business in Ohio, on the ground that it has violated statutes of the latter State. These statutes forbid the insurance of property in the State except by a legally authorized agent, resident in Ohio, and tax the business lawfully done there. They provide also that any one who procures an application for insurance shall be held to be the agent of the party thereafter issuing the policy. The plaintiff says that if the statutes are held to apply to what it has done they are invalid under the Fourteenth Amendment of the Constitution of the United States. The case was tried before a statutory court of three judges and an injunction was refused. 9 Fed. (2d) 202.

The facts are simple. The plaintiff made a contract of insurance in Michigan with the Chrysler Sales Corporation, a Michigan corporation which sells all the automobiles made by the Chrysler Corporation. This contract purported to insure purchasers of Chrysler cars against fire and theft, and to become automatically effective from the date on which the purchaser took delivery or a bill of sale of the car; the Chrysler Company to send a monthly report to the plaintiff of all cars for which insurance was thus provided and to pay premiums accordingly at Detroit. If anyone bought a car he got the insurance whether he wished it or not as part of his bargain, and a certificate was sent to him by the plaintiff. The question is whether this transaction brought the plaintiff within the taxing power of Ohio. If it did not, the power of the State to exclude the Company altogether could not be used as a means to accomplish a result beyond the State's constitutional power. *Fidelity & Deposit Co.* v. *Tafoya,* 270 U. S. 426.

Manifestly there was nothing in the contract between the plaintiff and the Chrysler Sales Corporation, without more, that Ohio could lay hold of, even if it insured property in Ohio. But the contract contemplated and provided for a benefit to third persons if, when, and where they complied with its conditions. When a man bought a car in Ohio, by that act he made effective the agreement of the Company to insure future purchasers, and imposed upon it an obligation that did not exist before. It is true that the obligation arose from a contract made under the law of another State, but the act was done in Ohio and the capacity to do it came from the law of Ohio, so that the coöperation of that law was necessary to the obligation imposed. It would be held in some jurisdictions that the purchaser became party to a contract with the insurance company. By universal consent he at least would become the beneficiary of a contract for his benefit.

Whatever technical form may be given to the reasoning, the substance is that by acts done in Ohio the purchaser obtains for himself the advantage of insurance that before that moment did not exist. It does not matter whether his getting it was a large or an inconspicuous feature of his bargain. It was part of it in any event, and we cannot doubt that the lower Court was right in holding that in such circumstances the State could insist upon its right to tax. It would be extravagant to say that the State's general power to deny to the plaintiff the right to enter or remain within it for business unless it paid for these transactions as a part of the price, must be denied upon constitutional grounds.

The two suits in Wisconsin, *Clark Motor Company* v. *Smith, Commissioner of Insurance,* and *Chrysler Sales Corporation* v. *Smith,* were begun about the same time as the Ohio case. The Clark Motor Company described itself as a distributor, buying cars from the Chrysler Sales Company and selling them to retail dealers, known as dealers. Neither distributor nor dealer acts as agent for the Chrysler Sales Company, but each buys and sells on its own behalf. The position of the Chrysler Sales Company, the other plaintiff, has been described. The Commissioner of Insurance treats the sales as contravening statutes of Wisconsin similar to those of Ohio. A Court of three judges refused an injunction against his enforcing the Acts. 9 Fed. (2d) 666. We are of opinion that the decision was correct. It is argued that the statutes were misconstrued by the Court. An appeal to this Court is allowed when an injunction is granted or refused on the ground of the alleged unconstitutionality of a State law. If we assume that other questions are open, still it is not desirable that the Courts of the United States should go beyond necessity to instruct the officials of a State as to the meaning of a State law. Unless the case is very clear their action should be left to the control of the State

23468°—27——20

Courts. There are plausible reasons in this case for following the local interpretation and we think that the Court below was right in accepting the Commissioner's view. Other arguments thrown in as makeweights do not need to be discussed. · The fact that the cost of the insurance was taken up into the price of a machine otherwise lawfully sold does not prevent the insurance being reached. See *Herbert* v. *The Shanley Co.*, 242 U. S. 591. The question raised by these bills is the general one, whether the State laws can be applied to this insurance. That we have answered. Exactly how far the laws can go and what proceedings can or cannot be taken, may be left to be determined, if the questions arise, in the State Courts.

The cases from Maine, *Chrysler Sales Corporation* v. *Spencer, Insurance Commissioner*, and *Utterback-Gleason Company* v. *Spencer*, are like the last, and follow the Wisconsin decision after a full discussion. 9 Fed. (2d) 674. These decisions also must stand.

*Decrees affirmed.*