In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by JAMES A. BEHA, Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Conserve the Assets for the Benefit of the Creditors of the CONSOLIDATED ASSURANCE COMPANY, LIMITED, OF LONDON, ENGLAND.

SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK and Another, Appellants; JOSEPH P. GRABFIELD, Claimant, Respondent.*

First Department, June 23, 1930.

---

*John M. Downes* of counsel [*Clarence C. Fowler*, attorney], for the appellant Superintendent of Insurance of the State of New York, as liquidator, etc.

*Robert J. Sykes* of counsel [*Bonynge & Barker*, attorneys], for the appellant Henry A. Van De Linde, British liquidator, etc.

*William Otis Badger* of counsel [*Alfred L. Pitts* with him on the brief], for the respondent.

SHERMAN, J. In 1914, Morris & Cò., claimant's assignor, was insured in New York by the Russian Transport and Insurance Company, a foreign corporation unlicensed to transact business here. Fire losses occurred, and Morris & Co. in an action obtained judgment for $17,603.79, in which execution was issued and returned unsatisfied.

The Consolidated Assurance Company, Ltd., of London, England (a British corporation), was admitted to do business in this State in 1920 and continued to issue policies here until 1926, when an order was made directing liquidation of the branch of that company located within this State. Public notice was then given to file claims. Grabfield filed a claim, as assignee of Morris & Co., on the ground that the Russian Transport and Insurance Company, the insurer of Morris & Co., had reinsured the risk in 1914 with that corporation. Grabfield claims that his is a domestic claim in that the insured property was in the United States, where policies were issued to his assignor, and argues that the reinsurance was likewise effected here before the Consolidated Assurance Company, Ltd., had become licensed to transact business here.

However, it appears that neither of the said insurance companies was admitted to transact business in this State in 1914. Furthermore, there is no evidence in the record to prove Grabfield's claim that the reinsurance was taken here by a branch of the Consolidated Assurance Company, Ltd. This branch had nothing to do with transactions which took place six years prior to 1920, at which time it was established here. In fact the record discloses no convincing proof of the alleged reinsurance. Even if it were proven, this claim could be asserted only against the home office of the British corporation. The reinsurance must have been effected, if at all, under an agreement between the Russian and British insurance companies, the terms and scope of which are not set forth in the record. This cannot be held to be a domestic claim

entitled to share in the funds deposited with and held by the Superintendent of Insurance to secure payment of insurance losses to be sustained by holders of policies issued by the branch of the British corporation located here under the license to do business in this State, granted in 1920.

The facts in *Palmetto Insurance Co.* v. *Conn* (272 U. S. 295), relied on by claimant, are so dissimilar from those in the case here that clearly it has no application.

The Superintendent of Insurance was correct in disallowing the claim.

The order of the Special Term in so far as appealed from should be reversed, with costs, and the motion of the Superintendent of Insurance to confirm his report disallowing the claim of Joseph P. Grabfield as a domestic claim should be granted.

FINCH, MERRELL, McAVOY and MARTIN, JJ., concur.

Order so far as appealed from reversed, with costs, and motion of Superintendent of Insurance to confirm his report disallowing the claim of Joseph P. Grabfield as a domestic claim granted. Settle order on notice.