Joseph A. Bogota, J.
Plaintiff instituted this action to recover the sum of $11.36 claimed to be due him for brokerage commissions. Demand for payment was made of the defendant and refused. The defendant in its answer pleads a general denial and, affirmatively, “foreign law.” The action proceeded to trial before this court and at the trial the following facts were either adduced or conceded, so that the only proposition to be determined by this court is one of law. Briefly stated, the facts indicate that the plaintiff, who was a licensed insurance broker under the laws of the State of New York, was the “ producer ” of an automobile liability insurance policy from the defendant which was issued to one Walter H. Kubler, who resides in the Borough of Brooklyn and is presently stationed on active duty with the United States Navy at the naval air base at Norfolk, Virginia. The automobile that the policy insured is a 1950 Plymouth sedan bearing New York State license plates but which is presently garaged at Norfolk, Virginia. Concededly, the plaintiff is not licensed to do business in the State of Virginia. The insurance policy issued by the defendent was secured through the New York Automobile Assigned Risk Plan. Plaintiff demands a commission in the sum of $11.36 for being the producer of such policy and defendant contests this demand, claiming that the law of Virginia prohibits the payment of any such commission in view of the conceded fact that the plaintiff is not licensed as a resident or nonresident insurance broker in the State of Virginia. This case is of novel import as there does not appear to be any adjudication concerning the facts involved in this action, and the parties hereto requested this court to express an opinion as to the law pertaining to such a state of facts.
There is no doubt that the business of insurance is one that is affected with a public interest and that it is a subject for regulation and control by the State by virtue of the exercise of its inherent police power. (La Tourette v. McMaster, 104 S. C. 501, affd. 248 U. S. 465; Life & Cas. Co. v. McCray, 291 U. S. 566; People v. Formosa, 131 N. Y. 478.) Such power to regulate the business of insurance likewise includes the right of foreign insurance companies to transact an insurance business within the boundaries of a State,-provided, however, that the conditions *343 of admission are not in conflict with either the Federal or State Constitutions. (Hoopeston Co. v. Cullen, 318 U. S. 313; Bothwell v. Buckbee, Mears Co., 275 U. S. 274; Matter of People [Norske Lloyd Ins. Co.], 242 N. Y. 148.) So too it has been held that the power of a State to regulate the insurance business conducted within such State likewise includes the right to regulate and control the agents and brokers through whom such business is carried on. (Daniel v. Family Ins. Co., 336 U. S. 220; Osborn v. Oslin, 29 F. Supp. 71, affd. 310 U. S. 53; Mendola v. Dineen, 185 Misc. 540.) The law pertaining to writing of insurance through the medium of foreign insurance is set forth in section 130 of the Insurance Law. That section has been construed in the case of Mendola v. Dineen (supra) as follows (p. 547): “If a foreign insurer could issue policies through a nonresident and unlicensed agent or broker, then, of course, all the regulations enacted by the State and applicable to anyone writing insurance within its borders, would be rendered meaningless.” Defendant’s contention is that the laws of Virginia prohibit the payment of commissions to nonresident insurance brokers who are not licensed in the State of Virginia on policies of insurance which are written on property located in Virginia. Section 38.1-282 of the Code of Virginia, 1950, as amended, provides as follows: “§ 38.1-282. Insurance transacted through resident agents or company representatives. — Except as otherwise provided in this title, no insurance company, other than a mutual company, shall transact insurance in this State except through regularly constituted resident agents licensed in this State; and no mutual insurance company shall transact insurance in this State except through regularly constituted resident agents licensed in this State, or through its officers or employees who are licensed as company representatives. (Code 1950 § 38-61; 1952, c. 317.) ” Defendant relies upon this section and various other sections of the Code of Virginia, namely 38.1-283, 38.1-287 and 38.1-289.
All of these sections make it mandatory within the State of Virginia to require all policies of insurance written in the State of Virginia and covering property located within Virginia to be countersigned by a licensed resident agent. Thus, it is the defendant’s contention that when it wrote this policy at the plaintiff’s instance it covered property located within the State of Virginia and therefore the producer, or the plaintiff in this case, who secured such policy must be licensed in the State of Virginia in order to be able to collect commissions based upon the writing of such policy.
*344 With this contention this court does not agree. The New York Automobile Assigned Eisk Plan is an organization which is set up voluntarily by insurance companies writing automobile liability insurance in the State of New York- the purpose of this organization is to provide automobile liability insurance for persons who cannot obtain such insurance through normal channels. The plan assigns such insurance to a company. No company in the plan may refuse to underwrite a person’s automobile liability insurance providing he meets requirements of the plan. In the instant case there is no dispute that the insured met such requirements. The plaintiff when he secured such policy for the benefit of the insured did so within the State of New York and correctly listed on such policy is the actual resident address of the insured in the borough of Brooklyn, New York. Accordingly, the policy was written for a resident of the State of New York and in accordance with the laws of the State of New York. Coneededly, plaintiff being* licensed to carry on a brokerage business within the State of New York is entitled to the commissions due him by writing such a policy. The mere fact that the automobile is at the present time located in the State of Virginia is not the crucial factor which prohibits this plaintiff from collecting* the commissions due to him by producing the policy in question. It has been held that the mere residence within a State of an insured under a life insurance policy which has been executed beyond the boundaries of the State where the insured resided does not empower that State to regulate or modify the terms of such policy. (New York Life Ins. Co. v. Dodge, 246 U. S. 357; Ætna Life Ins. Co. v. Dunken, 266 U. S. 389; St. Louis Compress Co. v. Arkansas, 260 U. S. 346; Palmetto Ins. Co. v. Conn., 272 U. S. 295, 304; Compania De Tabacos v. Collector, 275 U. S. 87.) It follows that the State of Virginia cannot prescribe what conditions should be incorporated in a policy of insurance that has been written in the State of New York for a resident but who is temporarily sojourning in the State of Virginia. It is this court’s opinion that the laws of the State of Virginia are not applicable to the facts as are presented herein. The plaintiff is entitled to recover the commissions that he earned producing* the policy in question and judgment is accordingly rendered in favor of the plaintiff and against the defendant for the relief demanded in the complaint.