OPINION OF THE COURT
Frank X. Altimari, J.
The within action for a declaratory judgment is the offspring of the recent whirlwind of amendments to the Insurance Law.
Plaintiff seeks a judgment declaring that subdivision (9) of section 167-a of the Insurance Law allows an independent insurance agent to refuse to handle the renewal of automobile *570 policies for brokers and insureds, and that such section does not require an independent insurance agent to handle renewals of automobile insurance. The defendant maintains that the cited section mandates the independent agent to renew the automobile insurance policies and that requires the independent agent to renew such policy.
The action herein arose after plaintiff, an independent insurance agent, determined that it would no longer handle certain, if not all, automobile insurance policy renewals for brokers and their insureds. The plaintiff informed defendant of its intention and was advised that subdivision (9) of section 167-a of the Insurance Law prohibited defendant’s contemplated action. The defendant also cautioned plaintiff that if it proceeded it would be subject to penalties set forth in section 5 of the Insurance Law. Under the circumstances, this court concludes that a justiciable controversy exists with respect to an important question of statutory construction. (Le Drugstore Etats Unis v New York State Bd. of Pharmacy, 33 NY2d 298; Board of Co-op. Educ. Servs. v Goldin, 38 AD2d 267.)
Subdivision (9) of section 167-a provides: "(a) Where an insurer or an agent who is authorized by such insurer to accept lines of insurance from licensed agents or brokers, notifies a licensed agent or broker that its contract or account shall be terminated: (i) with respect to a policy required to be continued by this section, the insurer shall offer to continue the policy for any remaining part of the required policy period and the insurer shall offer to continue the policy through the terminated agent or broker for at least its next one year policy period which commences within one year following the date or mailing or delivery to the terminated agent or broker of written notice of termination of such contract or account, and thereafter, at the specific request of the insured, shall offer to continue the policy through such terminated agent or broker for any remaining part of the required policy period; and (ii) with respect to all new business offered by such terminated agent or broker which is subject to the provisions of this section, the insurer shall accept all such business meeting the insurer’s then current underwriting standards during the period of one hundred twenty days next following the date of mailing or delivery to the agent or broker of written modification of such termination. The terminated insurance agent or broker shall be entitled to receive commissions on account of all business continued or written pursuant *571 to this paragraph at the insurer’s prevailing commission rate for such lines of insurance.”
Plaintiff claims that the cited paragraph imposes a duty to renew policies with respect to personal lines of insurance (Insurance Law, § 167-a, subd [1], par [a]), during the required "policy period” (Insurance Law, § 167-a, subd [1], par [c]), only on the insurer. Plaintiff further contends that the cited paragraph does not expressly require the independent agent as a "middleman” to handle renewals of such policies of insurance. The gist of plaintiff’s assertion is that its plan will not change the obligations of the insurer, but will only mean that the insured’s broker will deal directly with the insurer.
The defendant maintains that the statute was initially amended in 1974 (L 1974, chs 1072, 1073). Significantly, chapter 348 of the Laws of 1976 added the words "or an agent who is authorized by such insurer to accept lines of insurance from licensed agents or brokers” to subdivision 9 of section 167-a. According to the defendant, the addition of the added language in 1976 clarified and mandated the duties of the "middleman” independent agent just as the 1974 legislation bound the insurance carrier to perform certain duties.
The State of New York Insurance Department memorandum in support of the bill, dated May 19, 1976 stated: "In sum, this bill is necessary in order to: (a) avoid massive market disturbance beginning August 1, 1976; (b) permit the continued development of a body of no-fault experience which at present is unstable and not fully matured”. (NY Legis Annual, 1976, p 292.)
Governor Wilson’s memorandum in approving chapters 1072 and 1073 of the Laws of 1974 stated in part: "Additionally, they consolidate and simplify provisions of law under which insurers issuing automobile liability insurance policies or other personal lines insurance policies are prohibited from cancelling or failing to renew such policies for a period of 3 years, except for nonpayment of premiums or other statutorially defined reasons.” (McKinney’s Session Laws of 1974, p 2140.)
The business of insurance is one which affects the public interest. Today, as never before, consumers are placing considerable stress upon the protection afforded by insurance. As a result the insurance industry is subjected to minute and specific statutes and regulations. The Legislature specifies how *572 and on what terms the companies and their agents may do business. (People v Formosa, 131 NY 478, 483.)
The court in People v Formosa (supra, pp 483-484) declared: "As all these corporations must act through agents, it [the Legislature] has the same power and authority to regulate the conduct of their agents as it has to regulate the corporations themselves * * * When these corporations seek the benefits and privileges of the laws creating and authorizing them, they must conform to the laws enacted for their conduct, and if they are unwilling to do so, they must go out of existence. So, too, all persons who seek to act as agents of such corporations must conform to the laws regulating the business of such corporations or cease to act for them.”
Thus, the power of a State to regulate the insurance business conducted within such State likewise includes the right to regulate and control, the agents and brokers through whom such business is carried on. (See Cirlin v Fidelity & Cas. Ins. Co., 11 Misc 2d 341, 343; Daniel v Family Ins. Co., 336 US 220.)
Subdivision 3-a of section 110 of the Insurance Law defines "independent insurance agent” as an " 'insurance agent’ who is not owned or controlled by any insurer or group of insurers and whose agency agreement does not prohibit the representation of other insurers or groups of insurers and which provides upon termination of the agreement the agent’s records and use and control of expirations remain the property of the agent”.
According to the pleadings herein, the plaintiff is an independent insurance agent and does act as an agent for insurers pursuant to contract.
Section i of the Restatement, Agency 2d, defines "agency” as: "the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.”
Therefore, an agent acts only for or on behalf of his principal and only by authority of the principal. (See Bickford v Menier, 107 NY 490; Edwards v Dooley, 120 NY 540.) The plaintiff herein is subject to the authority of its principals. The 1976 amendment to section 167-a (subd [9], par [a]) specifically states: "Where an insurer or an agent who is authorized by such insurer to accept lines of insurance from licensed agents or brokers”. The plaintiff herein is precisely the agent refer *573 red to in the 1976 amendment. As an agent for insurers it deals directly with the insureds’ licensed agents or brokers.
Consequently, plaintiff, pursuant to the well-settled law of agency, is bound by the authority and statutory duties imposed upon its principals as long as it maintains its contractual relationship.
Subdivision (9) of section 167-a prohibits plaintiff’s principals (insurers) from refusing to renew certain insurance policies (except for reasons not at issue here). Accordingly, the plaintiff may not stand in a more favorable position than its principals and is bound by the mandate of subdivision (9) of section 167-a of the Insurance Law.
Plaintiff argues that some lines of insurance are profitable but that the automobile policy line has developed a poor loss and expense ratio. Plaintiff states that the insurers lump all insurance lines into one account against which they charge all losses and expenses. As a result the profitable business is diluted by the automobile line which results in the one account being termed unprofitable. Plaintiff further states that its principals (insurers) have warned it that unless its accounts are brought into a profitable balance the accounts will be terminated.
Such argument should be addressed to the Legislature. For if plaintiff’s fears are permitted to become a reality, there would arise again the possibility of massive market disturbance. The form of relief, if necessary, is best left to the reasoned deliberations of the Legislature.
Insurance carriers and their agents are required by statute and regulation to act in the interest of the public. They, like all segments of society, must accept the bad with the good. Insurers and their agents by law may not pick and choose the lines of insurance they wish to pursue. They may not determine that because a certain line of insurance is profitable they will continue to renew and accept such business, while rejecting a less profitable line of insurance. Such attempt at self-regulation is contrary to the public interest which is expressed through legislative mandate.
It is not the function of the court to express its perception of the wisdom of legislation in the absence of a claim of unreasonableness or unconstitutionality. Here, the court’s function is to interpret the policy of the State which the legislation declares.
*574 Therefore, the judgment to be settled hereon shall declare that subdivision (9) of section 167-a prohibits plaintiff as an independent insurance agent from refusing to handle the renewal of automobile policies for brokers, agents and their insureds, and that such statute mandates that plaintiff, as an independent insurance agent, must handle the renewals of automobile policies for brokers, agents and their insureds.