779 P.2d 365

**MILLERS NATIONAL INSURANCE COMPANY, an Illinois corporation, Third–Party Plaintiff/Appellee,**

**v.**

**TAYLOR FREEMAN INSURANCE AGENCY, an Arizona corporation; and Homeowners Insurance Agency, an Arizona corporation, Third–Party Defendants/Appellants.**

No. 2 CA–CV 89–0020.

Court of Appeals of Arizona, Division 2, Department A.

May 2, 1989.

Review Denied Sept. 26, 1989.*

---

* Gordon, C.J., of the Supreme Court, did not participate in the determination of this matter.

Law Offices of Charles J. Surrano, III by Charles J. Surrano, III and Daniel J. O'Connor, Phoenix, for third party plaintiff/appellee.

Sorenson, Moore, Evens & Burke by George R. Sorenson and John S. Schaper, Phoenix, for third-party defendant/appellant, Taylor Freeman Ins. Agency.

Ranger, Martin & Associates by Edward M. Ranger and Roger W. Martin, Scottsdale, for third-party defendant/appellant, Homeowners Ins. Agency.

## OPINION

HOWARD, Judge.

This is an action for breach of contract and declaratory judgment relief involving the contractual liability of a general insurance agent and its subagent to the insurer for failure to give written notice of the availability of underinsurance motorist coverage to an insured.

## I. FACTS

In 1983 and 1984 Millers National Insurance Company (Millers) was an Illinois Corporation licensed to do business in Arizona. It entered into a general agency agreement with Homeowners Insurance Agency (Homeowners) which contained, inter alia, the following provisions:

I. AUTHORITY OF GENERAL AGENT [Homeowners]

A. The Company hereby appoints the General Agent to supervise and conduct

the writing of ... casualty ... insurance....

B. The Company hereby grants to the General Agent any and all authority as may be required for the General Agent to properly supervise and conduct the writing of the aforesaid business, including (but not by way of limitation) the authority to appoint local agents and to remove local agents appointed by it previously; to accept and decline risks; and to collect premiums.

\* \* \* \* \* \*

D. The General Agent hereby accepts such appointment, power and authority, and agrees to carry out its resulting duties as set forth in this Agreement to the best of its ability, knowledge, skill and judgment.

Homeowners, in turn, entered into a written agreement with Taylor Freeman Insurance Agency (Taylor Freeman), an independent insurance agency, to act as Homeowners' agent in soliciting risk for Millers. Taylor Freeman sent the insurance applications of proposed customers to Homeowners which approved or rejected the risk. If approved, the application was sent to Millers which issued the policies and thereafter collected the premiums and sent out renewal notices.

The contract between Homeowners and Taylor Freeman required Taylor Freeman to comply with all of Homeowners' rules and regulations "... whether as part of our rate manual or otherwise" and also required Taylor Freeman to comply with all applicable laws.

In September 1983, Julie Thompson filled out an application of insurance and the application and premium check were sent to Homeowners for approval. The agent from Taylor Freeman who sold her the insurance told Julie Thompson that underinsurance coverage was available but never offered her such insurance in writing. According to this agent, Mrs. Thompson declined the coverage.

On April 19, 1984, two of the Thompson children were killed in an accident caused by an underinsured driver. Suit was filed and a summary judgment was rendered against Millers for $300,000.

In 1983, A.R.S. § 20–259.01 provided:

C. Every insurer writing automobile liability or motor vehicle liability policies, ... shall also make available to the named insured thereunder and shall by written notice offer the insured and at the request of the insured, shall include within the policy underinsurance motorist coverage which extends to and covers all persons insured under the policy, in limits not less than the liability limits for bodily injury or death contained within the policy. The offer need not be made in the event of the reinstatement of a lapsed policy or the transfer, substitution, modification or renewal of an existing policy.

Both Homeowners and Taylor Freeman had been provided with a rate manual which provided that underinsurance motorist coverage "... shall be offered as an option to the named insured by written notice...." The office manager for Homeowners knew of the existence of this requirement. Taylor Freeman knew that Arizona law required that this option had to be offered to an insured but did not know that notice of the option had to be given in writing. The application forms which Taylor Freeman used were Millers' forms and did not contain a section giving notice of the option although the form provided for such coverage if selected. The office manager for Homeowners thought that Millers was the one who had to give notice of the option to the insureds. Homeowners never took any steps to verify compliance with the statute, and never saw to it that Taylor Freeman was complying with the statutory requirement.

## II. PROCEDURAL HISTORY

Michael Thompson and Julie Thompson filed an action for breach of contract and an action for declaratory judgment against Millers, claiming that they were entitled to coverage under the Millers automobile policy for $300,000 underinsurance motorist coverage for Millers' failure to comply with A.R.S. § 20–259.01.

Millers filed an answer and a third-party complaint against Homeowners Insurance Agency, Taylor Freeman Insurance Agency, and Charles and Susan Taylor alleging that if the Thompsons were to secure a judgment against Millers then Millers should have a judgment against the third-party defendants because of their negligence in failing to provide the written notice required by the statute.

Homeowners and Taylor Freeman answered, alleging inter alia, contributory negligence on the part of Millers. Homeowners also cross-claimed against Taylor Freeman seeking indemnification for any liability which Homeowners might have to Millers.

The Thompsons moved for summary judgment; Millers moved for summary judgment against Homeowners and Taylor Freeman on the third-party complaint and Homeowners moved for summary judgment on its cross-claim. The trial court granted the Thompson motion against Millers and denied all other motions on the third-party complaint and cross-claim. A judgment was entered in favor of the Thompsons against Millers in the sum of $300,000.

The claims not disposed of by the judgment in favor of the Thompsons were tried to a jury which returned a verdict in favor of Millers and against Homeowners and Taylor Freeman in the sum of $300,000 plus costs and attorney's fees. A judgment in favor of Taylor Freeman and against Homeowners of Homeowners' cross-claim was subsequently entered. There has been no appeal from this latter judgment, and the only appeal which we are concerned with here is the judgment in favor of Millers and against Homeowners and Taylor Freeman.[1]

### III. CONTENTIONS OF THE PARTIES

Appellants contend that: (1) A.R.S. § 20–259.01 imposed no duty upon them to provide written notice of the availability of under-insured motorist coverage to the in-sured; (2) the trial court erroneously instructed the jury that they had a contractual duty to comply with the statute; (3) the trial court erred in giving jury instruction No. 5 because there was no factual basis for it and it constituted a comment on the evidence; (4) the trial court erred in refusing to instruct the jury on contributory negligence; (5) the trial court erroneously reversed the burden of proof; and (6) Millers was not entitled to recover more than the amount of the premium it did not receive for the underinsured coverage afforded to the Thompsons.

### IV. DISCUSSION

#### A. *The Statute*

Appellants contend A.R.S. § 20–259.01 creates a non-delegable duty on the part of the insurer to give written notice of the option afforded for uninsured motorist coverage and that they cannot be held liable for a duty which is exclusively that of the insurer. They arrive at this conclusion by referring to the statute and statutory case law defining the word "insurer." They also rely on the Minnesota case of *Holman v. All Nation Ins. Co.*, 288 N.W.2d 244 (Minn.1980) which has been superceded by statute, and the Tennessee case of *Sisk v. Valley Forge Ins. Co.*, 640 S.W.2d 844 (Tenn.App.1982). This argument ignores the fact that a corporation can only act through its employees and agents. The Minnesota case does not stand for the proposition that an agent cannot be liable to the insurer for failure to make mandatory offers. The Tennessee case is equally not on point.

There is nothing in A.R.S. § 20–259.01 which prevents an insurance company from complying with the law through its agents. We know of no case which holds that an agent cannot be held liable to his insurer for failure to comply with such statutes.

The relationship between an agent and his insurance company is controlled by

---

**1.** There was also a judgment in favor of the Thompsons individually which has not been ap-pealed.

the law of agency. *National Grange Mutual Insurance Co. v. Wyoming County Insurance Agency, Inc.,* 156 W.Va. 521, 195 S.E.2d 151 (1973). When an agent undertakes to act for its insurer, the agent must comply with the requirements that are imposed upon its principal. See *Andrew J. Corsa & Son, Inc. v. Harnett,* 92 Misc.2d 569, 400 N.Y.S.2d 1009 (1977). Thus, Homeowners had to comply with A.R.S. § 20–259.01 as it was acting in the place of Millers as its general agent pursuant to a written contract. Taylor Freeman, in turn, owed a duty to Homeowners, as its agent and by virtue of its contract with Homeowners, to comply with the duty that was imposed on Homeowners.

### B. *The Failure to Give a Contributory Negligence Instruction*

■ Pointing to the third-party complaint which was based on negligence, appellants contend the trial court erred in refusing to instruct the jury on Millers' alleged contributory negligence. We do not agree. Even though the third-party complaint and joint pretrial order demonstrate that the parties were proceeding on a theory of liability based on negligence, the trial judge, during the course of the trial, announced to the parties that he thought it was really a breach of contract case and the case was submitted to the jury solely on that theory. The record does not disclose any objection on the part of appellants to the effect that the pleadings and the pretrial order limited the case to one based on negligence. Since the case went to the jury solely as a contract case, there was no error in denying negligence instructions.

### C. *Instruction Number 5*

The trial court gave the following instruction to the jury:

The Court may draw conclusions of law and make determinations of fact as a matter of law, when in the Court's view an [sic] upon its determination there can be no dispute regarding the question of fact. Once the Court makes a factual determination as a matter of law, you are required to accept that fact during and for the purposes of your deliberations. The Court has determined that as a matter of law, the following facts exist:

1. The plaintiff, Millers National Insurance Company, was an insurer as defined by Arizona statute;
2. The plaintiff had an obligation to offer its insureds in writing, of the availability of underinsured coverage;
3. That while the plaintiff, Millers National Insurance Company, insurer, had the ultimate responsibility to the State of Arizona and to their insureds to offer underinsured coverage, the plaintiff could contract with an agent to perform that legal requirement of making notice;
4. That the plaintiff, Millers National Insurance Company, did contract with the defendant Homeowners Insurance Company to act as the plaintiff's agent in Arizona and specifically to "supervise and conduct the writing of ... casualty ... insurance ... (with) any and all authority as may be required," and that the defendant, Homeowners Insurance Company had a duty to perform the obligations of the plaintiff by seeing to it that the insureds were offered in writing underinsured coverage;
5. That the defendant, Homeowners Insurance Company, failed to perform its contractual obligation in this regard by failing to offer the plaintiff's insureds in Arizona in writing, underinsured coverage;
6. The defendant, Homeowners Insurance Company, did contract with the defendant, Taylor Freeman Insurance Company, to act as Homeowners' agent and to comply with all rules, law and regulations in the performance of its duties in behalf of Homeowners;
7. That the defendant, Taylor Freeman Insurance Company, failed to perform its contractual obligations to Homeowners in this regard by failing to offer the plaintiff's insureds in Arizona in writing underinsured coverage.

Appellants objected to this instruction on the grounds that there was no evidence of any duty owed by appellants to the appel-

lee, that their contracts do not contain an unequivocal and clear agreement to indemnify, and that it constituted a comment on the evidence.

As can be seen, this instruction tells the jury that, as a matter of law, Homeowners and Taylor Freeman were obligated by law and contract to comply with A.R.S. § 20–259.01 and that they breached their contracts by failing to do so. We have already held that the statute puts such an obligation upon them. The office manager for Homeowners acknowledged that Homeowners was obligated to follow the Arizona statutes and insurance regulations and had in its possession the rates manual which contained the statutory requirements, including the requirements of A.R.S. § 20–259.01. Her only explanation of the company's failure to comply was her belief that it was Millers' duty to provide the written notice.

■ The question for us to answer is whether Homeowners, as a matter of law, breached the contractual provision which required it to "carry out its resulting duties as set forth in this Agreement to the best of its ability, knowledge, skill and judgment," its duties being to "supervise and conduct the writing of casualty ... insurance ... in Arizona."

Where there is a reasonable chance that conclusions by reasonable persons might differ, then the question is one for the jury. *Daugherty v. Montgomery Ward*, 102 Ariz. 267, 428 P.2d 419 (1967). That is not the case here. Reasonable persons could not conclude that Homeowners, which was licensed by the State of Arizona and charged with knowledge of the laws of Arizona, and did in fact know of the applicable law, and, which was the entity which was offering the insurance in Arizona, did not breach its contractual promise to Millers.

■ As far as Taylor Freeman is concerned, there is no question that it breached its contractual agreement with Homeowners by failing to comply with all the applicable laws.

■ Both appellants argue that the jury should not have been instructed that they breached their respective contracts because the contracts do not contain an express agreement which provides for indemnity in clear and unequivocal terms. See *Sequoia Manufacturing Company, Inc. v. Halec Construction Co. Inc.*, 117 Ariz. 11, 570 P.2d 782 (App.1977). Without discussing the merits of this contention we note that this objection was never raised in the trial court and will not be considered by us on appeal. See *Montano v. Scottsdale Baptist Hospital, Inc.*, 119 Ariz. 448, 581 P.2d 682 (1978).

■ Taylor Freeman separately contends the instruction was erroneous because it never had a contract with Millers. While there is an infirmity in this case as far as Taylor Freeman is concerned, it does not rest in the instruction. The instruction is correct. Taylor Freeman breached its contract with Homeowners. The difficulty is that Taylor Freeman never had a contract with Millers.[2] Since the case went to the jury only on a contractual theory, Taylor Freeman would not be liable to Millers for breach of a non-existent contract. Taylor Freeman, in its motion for a directed verdict and its motion for judgment n.o.v. never advanced this argument in the trial court. Arguments not made at the trial court level cannot be made for the first time on appeal. *City of Yuma v. Evans*, 85 Ariz. 229, 336 P.2d 135 (1959). Taylor Freeman's failure to advance this argument in the trial court precludes us from granting it any relief.[3]

D. *Instruction on the Burden of Proof*

■ The only issues left when the case was submitted to the jury were whether

---

2. The trial court could have concluded that Millers was an intended beneficiary of the contract requiring Taylor Freeman to perform the duties that Homeowners had undertaken for Millers. No argument was made that it was inappropriate to submit it on that basis.

3. Even if we consider it as a failure to state a claim, such a defense cannot be asserted for the first time on appeal. See Rule 12(i)(2), Rules of Civil Procedure, 16 A.R.S. and 5 Wright & Miller, Federal Practice and Procedure § 1392, p. 862 (1969).

Millers ratified the conduct of the appellants or waived their breach of the contract. The judge instructed the jury that the burden of proof was upon the appellants. Appellants contend the instruction was erroneous because if the jury believed that appellants did not establish these defenses, Millers would automatically be entitled to judgment. This is true but it does not make the instruction erroneous.

The burden of proof was on the appellants to prove their affirmative defenses. *Lakin Cattle Co. v. Engelthaler,* 101 Ariz. 282, 419 P.2d 66 (1966). Because these were the only issues left, the trial court did not err.

### E. *The Amount of Damages*

■ Appellants contend that since the evidence shows that if Julie Thompson had wanted underinsured motorist coverage, Millers would have accepted it, Millers did not lose any more than the $9.50 premium for six months. We do not agree. The evidence elicited at the trial was that the Thompsons did not want the coverage. If appellants had done what they were obligated to do under their contracts, Millers would never have had to pay the $300,000 judgment.

Affirmed.

LIVERMORE, P.J., and HATHAWAY, J., concur.