694 P.2d 1204

**Jessy D. STOKES, Petitioner-Appellant,**

v.

**Patricia J. STOKES, Public Safety Personnel Retirement Systems, Respondents-Appellees.**

No. 1 CA–CIV 7257.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 11, 1984.

McGroder, Pearlstein, Peppler & Tryon, P.C. by Rebecca White Berch, Phoenix, for petitioner-appellant.

Shull, Wortman & Watland, P.C. by Robert A. Shull and Adrianne Kalyna, Phoenix, for respondent-appellee, Patricia J. Stokes.

Snell & Wilmer by Bruce D. Pingree, Thomas J. Kennedy and Michael P. Anthony, Phoenix, for respondent-appellee, Public Safety Personnel Retirement System.

JACOBSON, Chief Judge.

## OPINION

The primary issue on this appeal is whether the trial court erred in ordering that a husband's portion of monthly disability pension benefits be paid into a trust for distribution to his former wife for arrearages owed to her pursuant to a decree of dissolution.

Appellant, Jessy D. Stokes, and appellee, Patricia J. Stokes, were formerly husband and wife. Their marriage was dissolved by a decree of dissolution from Maricopa County Superior Court in 1977. As part of that decree the court found:

> 6. That the respondent [appellee Patricia Stokes] has a community interest in petitioner's retirement benefits from the City of Phoenix even though his retirement may be for disability reasons.

No appeal was taken from that judgment.

In May 1980, Jessy Stokes moved to open the judgment pursuant to Rule 60(c) on grounds that subsequent case law rendered disability accounts nondivisible upon divorce. He also ceased paying his former wife her share of the monthly retirement payments at this time. The motion was denied and an appeal from that denial was taken to this court. This court, in a memorandum decision, affirmed the trial court's denial of the husband's Rule 60(c) motion.

Patricia Stokes petitioned the superior court for injunctive relief on March 15, 1983, requesting that the Arizona Public Safety Personnel Retirement System ("the retirement system") be prohibited from paying her portion of the disability retirement account to her former husband or alternatively that the retirement system be ordered to pay her portion directly to her. Both Jessy Stokes and the retirement system were made respondents to that petition. The retirement system's response to the petition was an assertion that it was precluded from paying benefits directly to Patricia Stokes because such payment would violate a statutory provision exempting these funds from legal process pursuant to A.R.S. §§ 9–931 and 38–850.[1]

The trial court granted the wife injunctive relief by enjoining the retirement system from making any further payments to the husband until further order of the court. The court also entered judgment in

---

1. The old police retirement plan of which A.R.S. § 9–931 was a part was subsequently subsumed by the Public Safety Personnel Retirement System. See Laws 1968, Ch. 85, § 1, adding Article 4, consisting of A.R.S. §§ 38–841 to 38–856. All funds from the old system were transferred to the new system, and the benefits of the new system were to cover all public safety personnel. See A.R.S. §§ 9–934 and 38–841(B).

favor of Patricia Stokes and against Jessy Stokes in the amount of $12,683.15, representing arrearages in payment of the monthly benefits, plus interest on those arrearages.

Patricia Stokes subsequently submitted a proposed order requiring her former husband to execute a declaration of trust making his retirement benefits payable to her attorney as trustee and making Jessy and Patricia Stokes the beneficiaries of that trust. The declaration of trust further required the trustee to pay Patricia Stokes her share of the monthly benefit plus Jessy Stokes' share until the judgment together with costs and attorneys' fees had been paid in full.

In his objection to the proposed order, Jessy Stokes contended that the order would be inequitable because it would deprive him of most of his livelihood. He asked the court to decrease the amount of his share of the retirement benefit which was to be allocated to arrearages and further requested that an individual other than counsel for his former wife be appointed as trustee. He also requested that the court order Patricia Stokes to pay her own attorneys' fees and costs.

The trial court signed the order requiring the husband to execute the trust and awarded the wife $136.80 for costs and $1,665.00 for attorneys' fees. The order provided that if the husband did not execute the declaration of trust within seven days, the clerk of the court would execute the declaration of trust upon receipt of an affidavit from the wife's counsel that the trust had not been executed. Jessy Stokes did not execute the declaration of trust and has appealed.

On appeal the husband does not challenge that portion of the order directing the retirement system to pay directly to his wife her portion of his monthly retirement benefit. Rather, his appeal is limited to contesting that portion of the order directing him to assign the wife a greater portion of the account than her ownership interest. He argues that she is merely a judgment creditor with respect to that portion of the retirement account and that the account is statutorily exempt from attachment.

■ Both the wife and the retirement system have taken the position that the husband did not raise this issue in the trial court and therefore may not raise this issue on appeal. See, e.g., *Jennings v. Roberts, Scott & Co.*, 113 Ariz. 57, 546 P.2d 343 (1976); *Brown Wholesale Elec. Co. v. Safeco Ins. Co.*, 135 Ariz. 154, 659 P.2d 1299 (App.1982). Normally, an appealing party may not urge as grounds for reversal a theory which he failed to present below. *In re Geis' Estate*, 132 Ariz. 350, 645 P.2d 1264 (App.1982).

■ However, this rule is procedural and not jurisdictional. *South Tucson v. Board of Supervisors*, 52 Ariz. 575, 84 P.2d 581 (1938). The rule is for the benefit of the party against whom the defense is newly asserted on appeal and is intended to prevent surprise. *Int'l Life Ins. Co. v. Sorteberg*, 70 Ariz. 92, 216 P.2d 702 (1950). "The theory [is] that he doesn't have the same opportunity to defend against it as he would have had it been raised in the trial court." 70 Ariz. at 98, 216 P.2d at 705. Where, however, the record contains facts determinative of an issue which will resolve the action, that issue may be reviewed on appeal, even if it was never formally raised in the trial court. *Rubens v. Costello*, 75 Ariz. 5, 251 P.2d 306 (1952). Other exceptions to the general rule include situations where the matter involved is one which affects the general public interest, or where a legal principle, although not suggested by either party, should be adopted on appeal to expedite the enforcement of a right, or redress a wrong. *Id.* The exceptions to the general rule operate only where the facts of a particular case so warrant and the question is one of substantive law presenting no dispute as to the facts. *Id.*

Here, the wife petitioned the court for injunctive relief and a modification of judgment asserting that husband had failed to

pay wife her one-half share [2] of his retirement benefit "which is rightfully the property of Patricia J. Stokes." The retirement system responded in a memorandum in opposition to wife's petition, alleging that a decree dividing the husband's disability benefits would be void and contrary to A.R.S. § 9–931. That section prohibits garnishment, attachment, judgment, execution or other legal process against pensions covered by A.R.S. § 9–931. The system claimed that payment of one-half (or *any*) of the husband's retirement benefit entitlement would be contrary to the clear dictates of A.R.S. § 9–931.

Wife replied in a "memorandum re: direct payment of pension benefits" that an order mandating payment of pension benefits would be proper because only *creditors* were barred from the fund. Citing the California case of *Phillipson v. Board of Admin.*, 3 Cal.3d 32, 89 Cal.Rptr. 61, 473 P.2d 765 (1970), wife asserted that she had an ownership interest in the pension and payment to her is not prohibited. A clear delineation between creditor and owner was made by the wife, claiming that payment to the latter was allowable under A.R.S. § 9–931.

While these legal contentions were directed only to the wife's interest in the retirement system, they of necessity required the trial court to consider the distinction between a creditor and an owner in disposing of the entire pension payment in the manner set forth in its judgment. Moreover, the resolution of this legal issue does not require the resolution of disputed facts.

■ Although it is true that husband did not initiate the particular defense of the statute, he is not precluded from asserting this argument on appeal because the basic issue was presented by the retirement system and the retirement system is a party to this appeal, so also are the pleadings and memoranda of the system.[3] Also, we find that no prejudice will result to the wife upon consideration of this particular issue by this court because *her* memoranda raises the primary issue and the logical issue stemming from it which is now before us. Finding that the issue of whether the trial court may render an order requiring payment of more than the wife's one-half interest in the husband's retirement benefit is properly before us, we turn to an analysis of this issue.

The husband argues that the trial court's order is invalid because it violates A.R.S. § 38–850(C) (Supp.1983) which provides:

Benefits, employee contributions or employer contributions including interest, earnings and all other credits, payable under this system shall not be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, charge, garnishment, execution or levy of any kind, either voluntary or involuntary, prior to actually being received by the person entitled to the benefit contribution, earning or credit, under the terms of the system, and *any attempt to anticipate, alienate, sell, transfer, assign, pledge, encumber, charge or otherwise dispose of any such right hereunder shall be void* ... (Emphasis added.) [4]

We need not determine in this case whether A.R.S. § 38–850(C) precludes the

---

**2.** This amount was awarded to wife pursuant to the previous decree of dissolution.

**3.** This case is distinguishable, therefore, from *O'Donnell v. First Nat'l Bank*, 93 Ariz. 17, 378 P.2d 244 (1963) because there the plaintiff first raised the defense of failure of consideration and a judgment was entered against her from which she did not appeal. Intervenor then attempted to raise the defense on appeal but the Supreme Court refused the argument because neither the plaintiff nor her pleadings were before the court.

**4.** A.R.S. § 9–931 which previously governed police retirement funds provided similarly:

*Exemption of pensions from process; prohibition on assignments.*

No pension allowed under this article shall be subject to garnishment, attachment, judgment, execution or other legal process. No person entitled to a pension shall have the right to assign it, nor shall the board recognize an attempted assignment of the pension or pay over any sum which has been assigned or attempted to be assigned.

trial court from awarding the wife's one-half of his monthly retirement benefits directly to the wife, as this power is conceded by the husband. However, he contends that her ownership interest is limited to her share of his future monthly retirement benefits. As to the other portion, he claims that she is merely a judgment creditor and A.R.S. § 38–850(C) bars her recovering for arrearages by attaching his portion of the monthly retirement benefit.

Patricia Stokes contends that she is not a judgment creditor because the arrearages represent her ownership interest in the fund which Jessy Stokes converted by failing to pay over her monthly benefits in the past. We disagree.

It is true that Jessy Stokes failed to convey his former wife's share of monthly retirement benefits for several months until he was in arrears over $12,000.00. However, Patricia Stokes has cited no authority, and we have found none, that this past failure to comply with the trial court's order created an ownership interest in future monthly benefits. Money can be the subject of a conversion where it can be described, identified or segregated, and an obligation to treat it in a specific manner is established. *Markel v. Transamerica Title Ins. Co.*, 103 Ariz. 353, 442 P.2d 97 (1968). However, the husband's failure to pay to the wife one-half the amount of his monthly check created a debt which could have been discharged by payment of money generally. Thus, the parties' relationship with respect to the arrearages was a debtor-creditor relationship. Cf. *Autoville, Inc. v. Friedman*, 20 Ariz.App. 89, 92–93, 510 P.2d 400, 403–404 (1973).

Patricia Stokes argues that in a divorce action, the trial court has authority to exercise full equity powers and the relief which it granted her in the instant case was appropriately within the exercise of such powers. See *Wick v. Wick*, 107 Ariz. 382, 489 P.2d 19 (1971). However, courts of equity are as much bound by plain and positive provisions of statute as are courts of law and where rights are clearly established and defined by statute, equity has no power to change or upset such rights. *Ayer v. General Dynamics Corp.*, 128 Ariz. 324, 625 P.2d 913 (App.1980). See *McDermott v. McDermott*, 129 Ariz. 76, 628 P.2d 959 (App.1981).

Some jurisdictions have held that in spite of the language of their statutes exempting public retirement funds from attachment or other court process, such funds can be reached for arrearages in spousal maintenance and child support. Those decisions have been grounded on arguments that since one of the purposes of the public fund retirement system is to secure means for an employee to support his family, dependents should be accorded different treatment than other judgment debtors. See *Mahone v. Mahone*, 213 Kan. 346, 517 P.2d 131 (1973); *McDonald v. McDonald*, 351 Mich. 568, 88 N.W.2d 398 (1958); *Zwingmann v. Zwingmann*, 150 A.D. 358, 134 N.Y.S. 1077 (1912). In what we find to be the better reasoned cases, other jurisdictions have held that statutes which exempt retirement funds from court process by judgment debtors cannot be reached by court order for arrearages in spousal maintenance or child support. See *Buzzard v. Buzzard*, 412 So.2d 388 (Fla.App.1982); *Utley v. Utley*, 355 Mass. 469, 245 N.E.2d 435 (1969); *Fowler v. Fowler*, 116 N.H. 446, 362 A.2d 204, (1976); *Young v. Young*, 320 Pa.Super. 269, 467 A.2d 33 (1983).

We agree with the following reasoning of the Florida Court of Appeals in *Buzzard v. Buzzard* in interpreting its statute exempting a public employees' pension fund from legal process:

Since the husband here unquestionably has a duty to support, in the form of alimony payments, his former wife, we must ... determine whether an intention to allow him to claim the benefit ... against her is clearly demonstrated. Having done so, we ... conclude that the ... exemption does apply here.

In the first place, the exemption of the husband's pension funds from legal process is absolute and unequivocal.

We are aware that some of the other jurisdictions which have considered this

issue reached the contrary result [citations omitted]. However, we, like the Supreme Court of California in *Ogle v. Heim* [69 Cal.2d 7], 69 Cal.Rptr. 579, 442 P.2d 659 (1968), do not find these cases impressive. As stated in *Ogle* [69 Cal.Rptr.] at 660 [442 P.2d 659]: "The general rule is that a court is not authorized in the construction of a statute, to create exceptions not specifically made. If the statute announces a general rule and makes no exception thereto, the courts can make none".

412 So.2d at 390–391.

■■■■ We are of the opinion that the clear language of A.R.S. § 38–850(C) precludes the trial court from ordering a retirement system beneficiary to place his benefits in a trust fund for the benefit of a creditor. Additionally, we find that language in Title 25 evidences the legislature's recognition of limitations placed on the trial court's equitable powers by various exemption statutes. A.R.S. § 25–323(B) (Supp.1983) provides:

> If a person obligated to pay child support or spousal maintenance is in arrears ... the court shall order such person to make an assignment of a portion of such person's periodic earnings or other periodic entitlements to monies without regard to source to the person or agency entitled to receive child support or spousal maintenance payments. *An assignment ordered under this section does not apply to amounts made exempt under § 33–1131, subsection C or other applicable exemption law, and any order of assignment is void to the extent it may purport to reach any such exempt amount, but only to that extent.* (Emphasis added.)

■■■ We recognize that this statute refers only to spousal maintenance and child support rather than disposition of property pursuant to a dissolution agreement. However, it is indicative of legislative intent that the trial court's equitable powers in dissolution proceedings are limited by statutes exempting various funds from alienation.

For the foregoing reason, we reverse and remand this matter for proceedings consistent with this opinion.

MEYERSON, P.J., and OGG, J., concur.