815 P.2d 1

**CITY OF TEMPE, a municipal corporation, Plaintiff–Appellee,**

**First Federal Savings & Loan Assn. of New York, Defendant–Appellee,**

v.

**John W. FLEMING, Defendant–Appellant.**

**No. 1 CA–CV 89–226.**

Court of Appeals of Arizona, Division 1, Department D.

July 18, 1991.

Tempe City Attorneys Office by C. Brad Woodford and Ronald L. Dunham, Asst. City Atty., Tempe, for plaintiff-appellee.

Bosco & DiMatteo, P.C. by Carm R. Moehle, Phoenix, for defendant-appellee.

Hendrickson & Fuller by Walter J. Reynolds, Jr., Mesa, for defendant-appellant.

## OPINION

CLABORNE, Judge.

John W. Fleming appeals from the grant of partial summary judgment in favor of the City of Tempe. The issue we must decide is whether A.R.S. § 12–1111(6) authorizes a municipality to abate a nuisance through eminent domain. We hold that it does not and reverse the partial summary judgment in favor of the City.

## FACTUAL AND PROCEDURAL BACKGROUND

John W. Fleming and Marilyn H. Fleming (Fleming) owned a parcel of residential property in the City of Tempe (City).[1] Over the course of a number of years the City was embroiled in an ongoing dispute with Fleming concerning the property. Apparently, there were abandoned vehicles, auto engines, air conditioners, weeds, debris, scrap of different kinds, building materials and other trash on the property. At one point, Mr. Fleming was convicted of maintaining a public nuisance, a misdemeanor, in violation of the Tempe City Code.

After numerous complaints had been filed against the property, the Tempe City Council eventually declared that acquisition of the property was necessary to abate a nuisance. The City filed a complaint in superior court to condemn the property.[2] In its complaint, the City alleged that "[t]he use to which the property is to be applied is a use authorized by law and the taking is necessary to such use....." The City also alleged that the taking was "necessary to abate a public nuisance to restore said real property to a habitable condition and to preserve value in the community." In the answer, Fleming denied these specific allegations.

Approximately one year later, the City filed a motion for partial summary judgment on the issue of the necessity of the taking. Although Fleming, who was representing himself at the time, was given additional time to respond to this motion, he filed no response. The trial court granted the City's motion for partial summary judgment as to "the issue of necessity."

The parties then stipulated to the value of the property and the trial court entered judgment accordingly. An appeal was taken, but it was dismissed for failure to comply with Rule 54(b), Arizona Rules of Civil Procedure. Following further proceedings, the trial court issued an amended judgment from which Fleming took this appeal. In the amended judgment, the trial court construed its order granting the City's motion for partial summary judgment to have been a "finding that the subject property is being condemned for a necessary *and public use.*" (Emphasis added.)

On appeal, Fleming argues the City is prohibited from taking his property by eminent domain for three reasons: (1) the taking is not for a public use; (2) the taking is not authorized by the eminent domain statutes; and (3) the taking is not necessary to accomplish the City's stated purposes of eliminating a nonconforming use or abating a nuisance. The City responds that Fleming waived these issues by failing to respond to the motion for summary judgment. In the alternative, the City contends that it has shown that the taking was for a public use and that it has authority to abate a nuisance by eminent domain pursuant to A.R.S. § 12–1111(6). Fleming also argues that the trial court should not have awarded attorneys' fees to defendant First Federal Savings and Loan Association of New York.

## WAIVER

■ The City contends that because Fleming did not respond to the motion for

---

1. According to the opening brief, during the pendency of these proceedings, John and Marilyn Fleming were divorced, and title to the property was conveyed to Rhonda Price Sims. John W. Fleming then married Ms. Sims.

2. Count 2 of this complaint was an alternative allegation of nuisance abatement. This count was dismissed following entry of judgment on the condemnation complaint.

partial summary judgment, Fleming waived his right to raise any issues on appeal.

■ As a rule, arguments not made at the trial court cannot be asserted on appeal. *Millers Nat'l Ins. Co. v. Taylor Freeman Ins. Agency*, 161 Ariz. 490, 495, 779 P.2d 365, 370 (App.1989); *Campbell v. Warren*, 151 Ariz. 207, 208, 726 P.2d 623, 624 (App.1986).

> The reason for the rule is plain. If the question had been raised below, the situation might have been met by the opposite party by way of amendment or of additional proof. In such circumstances, therefore, for the appellate court to take up and decide on an incomplete record questions raised before it for the first time would, in many instances at least, result in great injustice, and for that reason appellate courts ordinarily decline to review questions raised for the first time in the appellate court.

*Town of South Tucson v. Board of Supervisors*, 52 Ariz. 575, 582, 84 P.2d 581, 584 (1938) (quoting *Cappon v. O'Day*, 165 Wis. 486, 162 N.W. 655, 657, 1 A.L.R. 1657 (1917)).

The rule, however, is procedural, not jurisdictional, and we may suspend it in our discretion. *Dombey v. Phoenix Newspapers, Inc.*, 150 Ariz. 476, 482, 724 P.2d 562, 568 (1986); *Stokes v. Stokes*, 143 Ariz. 590, 592, 694 P.2d 1204, 1206 (App.1984). We may review issues not raised in the trial court when "the record contains facts determinative of an issue which will resolve the action, ... the matter involved is one which affects the general public interest, or where a legal principle, although not suggested by either party, should be adopted on appeal to expedite the enforcement of a right, or redress a wrong." *Stokes*, 143 Ariz. at 592, 694 P.2d at 1206. *See also Dombey*, 150 Ariz. at 482, 724 P.2d at 568. *Ruth v. Industrial Comm'n*, 107 Ariz. 572,

490 P.2d 828 (1971); *Porter v. Eyer*, 80 Ariz. 169, 294 P.2d 661 (1956).

In *Town of South Tucson v. Board of Supervisors*, our supreme court examined the constitutionality of a disincorporation statute even though the issue was not raised in the trial court. 52 Ariz. at 583, 84 P.2d at 584.

> The question as to whether the disincorporation statute is constitutional is one of considerable importance to the state, as a matter of public policy. There are other municipalities which have been disincorporated in the past, and more which may desire disincorporation in the future. If the only statute which now authorizes such action is unconstitutional or unworkable, it is well that the question should be determined in advance of any other efforts at disincorporation, so that the legislature may correct any defects which exist in the present law before serious questions arise affecting other municipalities. We can see no reason why a failure of plaintiff to raise the issue in the lower court in the slightest degree hampers defendants in presenting it fully before this tribunal.

*Id.* at 583, 84 P.2d at 584.

■ Whether a municipality has the power to condemn private property to abate a nuisance is a purely legal question and certainly of statewide interest.[3] There is no reason why Fleming's failure to explicitly raise the issue in the trial court "in the slightest degree hampers [the City] in presenting it fully to this tribunal." Moreover, if a municipality does not have the authority to condemn private property in order to abate a nuisance, it is best that we decide the issue now before other efforts at abatement through condemnation are made. We therefore conclude that Fleming's failure to respond to the motion for summary judgment should not constitute a waiver of his right to contest the City's authority to abate a nuisance by eminent

---

**3.** We must not forget that when the material facts are undisputed, summary judgment is appropriate only when the moving party is entitled to it as a matter of law. Rule 56(c), Arizona Rules of Civil Procedure. Because the question of whether a municipality has the power to

condemn private property to abate a nuisance is purely legal, we may review the issue even if it was not raised in the trial court in order to determine whether the requirements of Rule 56(c) were met.

domain.[4] Our resolution of this appeal is limited to this issue.

## ABATEMENT OF A NUISANCE BY EMINENT DOMAIN

A municipality has only that power to condemn that is delegated to it by the Arizona legislature. *City of Phoenix v. Donofrio*, 99 Ariz. 130, 133, 407 P.2d 91, 93 (1965). The purposes for which the power of eminent domain may be exercised are set forth in A.R.S. § 12–1111. The City claims statutory authority to condemn Fleming's property pursuant to A.R.S. § 12–1111(6), which permits the exercise of eminent domain for:

6. Roads, streets and alleys, and all other public uses for the benefit of a county, city, town or village, or the inhabitants thereof, *which is authorized by the legislature.*

(Emphasis supplied.) As a rule of statutory construction, we will not read into a statute something which is not within the manifest intent of the legislature as indicated by the statute itself. *Town of Scottsdale v. State ex rel. Pickrell*, 98 Ariz. 382, 386, 405 P.2d 871, 873 (1965). Nor will we "inflate, expand, stretch or extend a statute to matters not falling within its express provisions." *Donofrio*, 99 Ariz. at 133, 407 P.2d at 93.

Clearly, the City's exercise of eminent domain does not relate to "roads, streets and alleys."

Although the legislature has authorized municipalities to exercise the power of eminent domain in certain areas, it has not provided statutory authorization for exercising the power of eminent domain to abate a nuisance. *See* A.R.S. § 9–276(A)(20) (streets and sewers); A.R.S. §§ 9–511(C), 9–516 and 9–518 (public utilities); A.R.S. § 9–462.02 (power to eliminate a nonconforming use by condemnation);[5] A.R.S. § 36–1478 (power to condemn for slum clearance and redevelopment purposes). Accordingly, we hold that A.R.S. § 12–1111(6) does not authorize a municipality to abate a nuisance through the power of eminent domain.

Our decision does not leave the City without a remedy. As both the City and Fleming recognize, a municipality has the power to define and abate a nuisance and may impose fines upon persons who create or continue a nuisance. A.R.S. § 9–

---

4. We are not completely convinced that Fleming failed to raise the issue in the trial court. In an eminent domain action, the prerequisites to taking private property are:

1. The use to which the property is to be applied is a use authorized by law.
2. The taking is necessary to such use. A.R.S. § 12–1112.

It is clear that "necessity of the taking" is a legislative question, *City of Phoenix v. Superior Court*, 137 Ariz. 409, 411, 671 P.2d 387, 389 (1983), and public use is a judicial one. Ariz. Const. art. 2, § 17; *Citizens Utilities Water Co. v. Superior Court*, 108 Ariz. 296, 299, 497 P.2d 55, 58, *cert. denied*, 409 U.S. 1022, 93 S.Ct. 462, 34 L.Ed.2d 314 (1972).

Although Fleming filed no response to the City's motion for summary judgment, he did dispute the substantive legal issue of public use in his answer to the City's complaint. Fleming denied that the City's taking was for a necessary and public use authorized by law. Fleming did not dispute the factual evidence of necessity and the court did not need those facts to decide the public use issue.

Although the body of the City's motion dealt with its legal position on public use, the request for partial summary judgment read:

Wherefore, it is respectfully requested that the Court grant partial summary judgment as *to the issue of necessity* in Plaintiff's favor on Count I of the complaint herein. (emphasis added).

From a practical viewpoint, such a motion can make sense. Because the person opposing an eminent domain proceeding seldom wins on the issue of necessity, it makes sense to waive that argument and still preserve one's argument on the issue of public use.

5. The City relies in part on the statutory authority contained in A.R.S. § 9–462.02 as support for its argument that it may exercise the power of eminent domain in this case. Although the city council made a legislative declaration that taking Fleming's property was necessary to abate the nuisance, it made no legislative declaration that a taking was necessary to eliminate a nonconforming use. Because the question of necessity is a legislative issue, there is no support in the record for a determination that the taking was necessary to eliminate a nonconforming use.

**458**

276(A)(16). Under its police powers, a municipality may abate a nuisance without compensating the owner of the property. *Moton v. City of Phoenix,* 100 Ariz. 23, 27, 410 P.2d 93, 95 (1966).

The legislature has provided specific authority for the City to terminate the nuisance claimed in this case. Pursuant to A.R.S. § 9–499(A), a city or town council may, by ordinance, require a property owner to "remove rubbish, trash, weeds, or other accumulation of filth or debris...." If the property owner does not comply, the municipality may remove the condition at the property owner's expense. A.R.S. § 9–499(B). The cost of removal may be assessed upon the property and recorded as a lien. A.R.S. § 9–499(C), (D). The property may then be sold by judicial foreclosure to satisfy the lien. A.R.S. § 9–499(D).

The City contends, though, that it should be able to avoid the harsh result of abating the nuisance under its police power by taking Fleming's property through eminent domain and compensating him for the loss. The regulation and abatement of a nuisance is one of the ordinary functions of the police power. 56 Am.Jur.2d Municipal Corporations § 443 (1971); *Moton,* 100 Ariz. at 26–27, 410 P.2d at 95. The exercise of the police power does not include the power of eminent domain. *Transamerica Title Ins. Co. v. City of Tucson,* 23 Ariz.App. 385, 387, 533 P.2d 693, 695 (1975). Eminent domain proceedings are not a substitute for judicial foreclosure of a lien created pursuant to A.R.S. § 9–499(D).

## CONCLUSION

We hold that a municipality does not have statutory authority pursuant to A.R.S. § 12–1111(6) to abate a nuisance through the power of eminent domain. We therefore reverse the trial court's grant of partial summary judgment and remand for proceedings consistent with this opinion. Our holding does not affect the City's right to abate the nuisance under A.R.S. § 9–276(A)(16). Because of our disposition of

this case, we need not address the award of attorney's fees to First Federal.

KLEINSCHMIDT, P.J., and McGREGOR, J., concur.