FILED BY CLERK

NOV 22 2011

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO


ROBIN L. MOTZER dba RLM DESIGNS, )
                                               )
          Plaintiff/Counterdefendant/   )
                           Appellant,  )
                         v.        )
                                                 )
LORI ESCALANTE and LOUIS         )
ESCALANTE, wife and husband,    )
                                                   )
       Defendants/Counterclaimants/   )
                           Appellees.   )
                                                   )

2 CA-CV 2011-0078
DEPARTMENT A

O P I N I O N



APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20092596

Honorable Scott Rash, Judge

AFFIRMED IN PART
REVERSED IN PART


Law Office of Barry W. Rorex, P.L.C.
  By Barry W. Rorex                                     Tucson
                                          Attorney for Plaintiff/
                                  Counterdefendant/Appellant


Thompson Krone, P.L.C.
  By Evan L. Thompson and Edith I. Rudder              Tucson
                                         Attorneys for Defendants/
                                  Counterclaimants/Appellees


H O W A R D, Chief Judge.

¶1 Appellant Robin Motzer appeals from the trial court's determination of costs and attorney fees after a jury trial in an action between Motzer and appellees Louis and Lori Escalante. Motzer contends the court abused its discretion by denying her request for attorney fees, as well as certain requested costs. For the following reasons, we affirm in part and reverse in part.

## Factual and Procedural Background

¶2 The underlying facts are undisputed. Motzer sued the Escalantes for breach of contract and unjust enrichment arising out of a home remodeling project, and the Escalantes filed several counterclaims. The trial court subsequently dismissed Motzer's breach of contract claim and three of the Escalantes' claims because Motzer was not a licensed contractor as required by statute. After a trial, the jury awarded Motzer $10,980.80 on her unjust enrichment claim but awarded the Escalantes $5,075 for their counterclaim of negligent misrepresentation.

¶3 After a hearing on attorney fees and costs, the trial court issued a judgment in which it found Motzer to be the successful party for purposes of costs. The court awarded Motzer some, but not all, of her requested costs and did not award either party attorney fees. This appeal followed.

## Attorney Fees

¶4 Motzer argues the trial court abused its discretion by denying her request for attorney fees. We review the grant or denial of attorney fees for an abuse of

2

discretion. *Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Turner*, 196 Ariz. 631, ¶ 5, 2 P.3d 1276, 1279 (App. 2000).

¶5        Section 12-341.01, A.R.S., states that "the court may award the successful party reasonable attorney fees" in an "action arising out of a contract."[1]  First, the trial court must determine which party was successful and then whether attorney fees should be awarded. *See Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 178 Ariz. 425, 430, 874 P.2d 982, 987 (App. 1994).  However, there is no presumption that a successful party should be awarded attorney fees under § 12-341.01.  *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 569, 694 P.2d 1181, 1183 (1985).  Instead, the court has broad discretion to consider a variety of factors set forth in *Associated Indemnity*, including the merits of the defense by the unsuccessful party, whether the parties could have settled, whether the successful party prevailed as to all relief and whether awarding attorney fees would "discourage other parties with tenable claims."  143 Ariz. at 570, 694 P.2d at 1184.  We will uphold the court's ruling if there is "any reasonable basis for the decision."  *State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, ¶ 27, 963 P.2d 334, 340 (App. 1998).

¶6        Here, the trial court stated that it had considered "the totality of the case," including a reasonable settlement offer by the Escalantes, the fact that neither party proposed mediation or a settlement conference and that both parties had prevailed in part.

---

[1]The Escalantes do not contest that this lawsuit arose out of a contract.

Furthermore, the parties argued before the court whether the denial of the award of attorney fees would discourage future plaintiffs in bringing the lawsuit. All of these are factors the court correctly may consider in exercising its discretion whether or not to award fees to the successful party under *Associated Indemnity*. 143 Ariz. at 570, 694 P.2d at 1184. Because the court had a reasonable basis for its decision not to grant attorney fees, it did not abuse its discretion. *See State Farm Mut. Auto. Ins. Co.*, 192 Ariz. 255, ¶ 27, 963 P.2d at 340.

¶7 Motzer, however, contends the trial court erred because it applied different standards in determining the successful party for purposes of costs and attorney fees. But the court could find Motzer was the successful party and still deny fees under the *Associated Indemnity* factors. Those factors apply in determining whether a court will exercise its discretion to grant a successful party attorney fees rather than in determining which party is successful. *Associated Indem.*, 143 Ariz. at 570, 694 P.2d at 1184. Thus, the court did not use different standards to determine the successful party for costs and attorney fees but rather exercised its discretion to deny Motzer's request for attorney fees.

¶8 Motzer further relies on an unpublished memorandum decision of this court both to request this court publish any decision requiring a trial court to "explicitly lay out its basis" for a decision on attorney fees and to support a further argument. "Memorandum decisions shall not be regarded as precedent nor cited in any court" in the absence of specific circumstances including that this court may consider whether to

publish a decision as an opinion. Ariz. R. Civ. App. P. 28(c). Because the trial court here orally relied on the *Associated Indemnity* factors, we need not consider imposing any further requirement that a court explain its reasoning. And we will not consider Motzer's other argument, as it is grounded solely in a memorandum decision. *See Hourani v. Benson Hosp.*, 211 Ariz. 427, ¶ 27, 122 P.3d 6, 14 (App. 2005).

## Costs

¶9         Motzer also argues the trial court erred by only awarding a portion of her costs, contending her expenses for "deposition-related costs" and jury notebooks were taxable costs. We review de novo whether certain expenses are taxable costs. *Foster ex rel. Foster v. Weir*, 212 Ariz. 193, ¶ 5, 129 P.3d 482, 484 (App. 2006).

¶10         Generally, "the parties to a civil proceeding are responsible for their own litigation expenses" unless a statute provides otherwise. *Id.* ¶ 4. Under A.R.S. §§ 12-341 and 12-332(A), a successful party may recover certain taxable costs including the "[c]ost of taking depositions" and "[o]ther disbursements that are made or incurred pursuant to an order."

Deposition costs

¶11         Motzer requested $404.10 for transcription and $40 for photocopies of transcripts from the Escalantes' depositions of Motzer and of her expert witness. Costs of taking a deposition may include expenses such as those incurred photocopying the transcript. *State ex rel. Corbin v. Ariz. Corp. Comm'n*, 143 Ariz. 219, 230, 693 P.2d 362,

373 (App. 1984). Because the costs of taking a deposition include such necessary, associated costs, the trial court erred in failing to award Motzer $444.10 for the transcription and photocopies of the deposition. *See Foster*, 212 Ariz. 193, ¶ 5, 129 P.3d at 484. The Escalantes argue that only the party initiating the deposition may recover the costs of deposition, but the cost of obtaining transcripts taken by another party is an associated cost of the taking of the deposition. And deposition costs have been allowed to parties other than the one taking the deposition. *See Corbin*, 143 Ariz. at 229, 693 P.2d at 372. Accordingly, we reject their argument.

Costs pursuant to an order

¶12 Motzer also requested $336.71 for the preparation of exhibit notebooks for the jury. She contends this is a taxable cost because it was incurred pursuant to a court order. Photocopies not required by law are not taxable costs. A.R.S. § 12-333; *see also Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 193 Ariz. 401, ¶ 6, 973 P.2d 106, 107 (1999).

¶13 The trial court issued a trial notice setting the jury trial, various pretrial dates, and procedural requirements. Many requirements were phrased in clearly mandatory terms, such as "Applications for trial postponements . . . shall comply," and "counsel must immediately lodge." The notice also stated, "The Court encourages Juror Notebooks containing exhibits, or portions thereof, admitted by stipulation. They must

be indexed and tabbed.  Deposition summaries should also be used in place of verbatim reading of lengthy transcripts."

**¶14**        We interpret a trial court's language according to the general rules of construction.  *Cf. Cohen v. Frey*, 215 Ariz. 62, ¶ 11, 157 P.3d 482, 486 (App. 2007) (interpreting divorce decree).  When language is clear and unambiguous, we interpret it according to its ordinary meaning.  *See Emp'rs Mut. Cas. Co. v. DGG & CAR, Inc.*, 218 Ariz. 262, ¶ 24, 183 P.3d 513, 518 (2008).  The word encourage means "[t]o give support to; foster."  *The American Heritage Dictionary* 451 (2d college ed. 1991).  The plain meaning of encourage is a permissive suggestion rather than a mandatory order, and we decline to interpret it otherwise.  *Cf. Lopez v. Lopez*, 125 Ariz. 309, 310, 609 P.2d 579, 580 (App. 1980) ("The intention of the court must be determined from all parts of the judgment and words and clauses should be construed according to their natural and legal import.").  Thus, in contrast to some other portions of the order, the court did not order the parties to prepare jury notebooks.  Therefore, the cost of the notebooks was not incurred pursuant to an order and is not a taxable cost.

**¶15**        Motzer's belief that this cost would be awarded as a "disbursement[] . . . incurred pursuant to an order" under § 12-332 is understandable.  Many actions allowed or encouraged by the trial court may involve the parties incurring expenses, but allowing reimbursement of such expenses as costs would frustrate the legislative intent of limiting taxable costs.  *See Schritter v. State Farm Mut. Auto. Ins. Co.*, 201 Ariz. 391, ¶ 7, 36 P.3d

7

739, 740 (2001) (legislature has limited recoverable costs). A bright-line rule that only costs ordered by the court are taxable allows trial courts to determine and counsel to be aware of what costs are recoverable.

¶16        Motzer finally requests "an entry of pre- and post-judgment interest at the rate of 10%" on the net judgment awarded to her, beginning at the date she filed her third supplemental disclosure statement. However, Motzer never presented this request to the trial court. And "arguments not made at the trial court cannot be asserted on appeal." *City of Tempe v. Fleming*, 168 Ariz. 454, 456, 815 P.2d 1, 3 (App. 1991). Therefore, Motzer has waived this argument on appeal. *See id.* Although Motzer contends that because she is entitled to the interest "as a matter of right" she need not raise the issue in the trial court, she provides no authority for this assertion, and we will not consider it. *See Cullum v. Cullum*, 215 Ariz. 352, n.5, 160 P.3d 231, 234 n.5 (App. 2007).

**Appellate Costs and Fees**

¶17        Motzer requests her costs and attorney fees on appeal under A.R.S. §§ 12-341 and 12-341.01. We note that on appeal, costs may be recoverable under A.R.S. § 12-342 rather than § 12-341. In our discretion, we deny Motzer's request for attorney fees but award her costs on appeal under § 12-342(B).

**Conclusion**

¶18        For the foregoing reasons we affirm the trial court's denial of Motzer's request for attorney fees and for the cost of the jury notebooks, but reverse the court's

8

denial of Motzer's request for $444.10 for deposition costs.  We remand for further proceedings consistent with this decision.

/s/ _Joseph W. Howard_

JOSEPH W. HOWARD, Chief Judge

CONCURRING:

/s/ _Peter J. Eckerstrom_

PETER J. ECKERSTROM, Presiding Judge

/s/ _J. William Brammer, Jr._

J. WILLIAM BRAMMER, JR., Judge

9