NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

Donna J. Peace, *Petitioner/Appellee,*

*v.*

Edward D. Peace, Sr., *Respondent/Appellant.*

No. 1 CA-CV 13-0150
FILED 5-8-2014

Appeal from the Superior Court in Navajo County
No. S0900D020070343
The Honorable Ralph Hatch, Judge

**AFFIRMED IN PART, REVERSED IN PART**

COUNSEL

Edward D. Peace, Sr., Pinetop
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

---

**W I N T H R O P,** Judge:

¶1 Edward D. Peace, Sr. ("Husband") appeals from a family court order modifying parenting time and finding him in contempt of court for unpaid costs, attorneys' fees, and child support. In a contemporaneously published opinion, we separately address Husband's argument related to the family court's order and judgment for $13,000 (plus accruing interest) of social security benefits paid to Husband as a representative payee on behalf of the minor children. In this memorandum decision, we address Husband's remaining claims and affirm the family court order.

## FACTS AND PROCEDURAL HISTORY

¶2 In July 2007, Donna J. Peace ("Wife") filed a petition for dissolution of marriage, seeking physical custody of the parties' four children and an award of child support. In August 2009, the family court entered a signed decree of dissolution referencing and incorporating its previous rulings on the division of the parties' assets and liabilities, child support and custody, and spousal maintenance, including a July 2009 ruling on child support in which the family court found Husband was wilfully underemployed and ordered him to pay arrearages of $21,010.00 and monthly child support of $597.00. This court affirmed the family court order in *Peace v. Peace*, 1 CA-CV 09-0668, 2011 WL 192896 (Ariz. App. Jan. 20, 2011) (mem. decision).

¶3 In June 2012, Wife filed petitions to modify parenting time and for contempt. Relevant to this decision, Wife requested a modification of parenting time because Husband's housing situation was unstable and Husband's conduct demonstrated a lack of interest in continuing overnight visits. Among other claims in her petition for contempt, Wife alleged that Husband was delinquent in satisfying court ordered child support arrearages, costs, and attorneys' fees.

**¶4**        In response, Husband filed cross-petitions for contempt and to modify parenting time and child custody. Husband also filed a "Petition to Set Aside Orders," through which he sought to modify the family court's previous order on the basis that his previously-undiagnosed post-traumatic stress disorder ("PTSD") — related to his service while stationed in Korea as a medic in the U.S. Army during the Vietnam War — interfered with his ability to be gainfully employed and/or to pay off such arrearages pursuant to the court's order.

**¶5**        After hearings on August 29 and October 5, the family court found Husband in contempt because he owed and had willfully refused to pay Wife child support, costs, and attorneys' fees, including $20,107.00 in child support arrearages (excluding interest). The court further found that, even if he suffered from PTSD, Husband, an attorney by training, remained willfully under-employed by working part-time at a fast food restaurant. The court's signed order converted the unpaid child support, costs, and attorneys' fees into a civil judgment.

**¶6**        The family court also modified parenting time to reflect the changed habits of the parties and because of Husband's housing instability. The portion of the order that modifies parenting time states:

> During the school year the Court does award [Husband] day-time parenting time on the first weekend of every month from Saturday at 9:00 AM until 6:00 PM; and on the third week-end of every month from Sunday at 9:00 AM until 6:00 PM; and a weekday visit during the second and forth weeks of every month on Wednesday from 4:00 PM until 7:00 PM. During the summer school vacation months the [Husband's] Wednesday visits will be from 9:00 AM until 6:00 PM. [Wife] and [Husband] will alternate Christmas day every year. [Wife] will have Christmas day in odd numbered years and [Husband] will have it in even numbered years.

Husband filed a motion for new trial, which the family court denied.

3

¶7        Husband filed a timely notice of appeal.  We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9 and Arizona Revised Statutes ("A.R.S.") section 12-2101(B) (West 2014).[1]

## DISCUSSION

I.        *Modification of Parenting Time*

A.        *Religious Liberties*

¶8        On appeal, Husband argues the family court order modifying parenting time violates his religious liberties under the First Amendment of the United States Constitution and the Arizona Free Exercise of Religion Act.  Husband failed to raise these claims before the family court.

> Normally, an appealing party may not urge as grounds for reversal a theory which he failed to present below. . . . However, this rule is procedural and not jurisdictional.  The rule is for the benefit of the party against whom the defense is newly asserted on appeal and is intended to prevent surprise.

*Stokes v. Stokes*, 143 Ariz. 590, 592, 694 P.2d 1204, 1206 (App. 1984) (citations omitted).  We address Husband's religious liberties arguments because Wife failed to file a brief pursuant to ARCAP 13(b).

1.        *Establishment Clause*

¶9        Husband argues the family court order modifying parenting time violated the Establishment Clause of the First Amendment by listing Christmas as a visitation day to the exclusion of the holy days of Husband's professed Bahá'í Faith.  The First Amendment of the United State Constitution prohibits state action "respecting an establishment of religion."  U.S. Const. amend. I; *Everson v. Bd. of Educ.*, 330 U.S. 1 (1947) (applying the Establishment Clause to the states by incorporation through the Fourteenth Amendment).

---

[1]        We cite the current Westlaw version of the applicable statutes, rules, and constitutional provisions because no revisions material to this decision have since occurred.

¶10 Relying on the United States Supreme Court's "endorsement test" jurisprudence, Husband argues the family court order "creates a perception in the mind of a reasonable observer that the court is either endorsing Christianity or disapproving of the Baha'i Faith." Pursuant to the endorsement test, **"[e]**xamination of both the subjective and the objective components of the message communicated by a government action is . . . necessary to determine whether the action carries a forbidden meaning." *Lynch v. Donnelly*, 465 U.S. 668, 690 (1984) (O'Connor, J., concurring); *see also County of Allegheny v. ACLU*, 492 U.S. 573, 595 (1989) ("The effect of the [challenged state action] depends upon the message that the government's practice communicates: the question is what [observers] may fairly understand to be the purpose of the [challenged state action]." (citation and quotation omitted)). "What is crucial is that a government practice not have the effect of communicating a message of government endorsement or disapproval of religion." *Lynch*, 465 U.S. at 692.

¶11 In this case, the challenged family court order states in relevant part: "[Wife] and [Husband] will alternate Christmas day every year. [Wife] will have Christmas day in odd numbered years and [Husband] will have it in even numbered years. Christmas day is from 9:00 AM until 6:00 PM." Viewed objectively, this statement does not violate the endorsement test. Viewed subjectively, Husband's argument is belied by the mediation agreement to which he consented. Apportioning visitation between the two parents, the mediation agreement listed a number of Bahá'í Faith holy days and also stated: "Christmas Day and Christmas Week will be rotated annually." Husband did not express any concerns about Christmas Day in the mediation agreement or initial order establishing parenting time; thus Husband cannot persuasively claim the reference to Christmas Day in this order has the effect of communicating a message of government endorsement of Christianity or disapproval of the Bahá'í Faith.

¶12 Husband also argues that the family court order's inclusion of Christmas as a visitation day "coerces Husband and his children to participate in Christianity." We disagree. The family court order, like the mediation agreement before it, lists Christmas as a visitation day between Husband and his four school-aged children presumably because Christmas is a federal holiday that the children will be guaranteed to have off from school, thus giving Husband an extra day with his children every other year.

2.      *Arizona Free Exercise of Religion Act*

¶13       Husband argues that because the family court order does not grant him visitation with his children during holy days of the Bahá'í Faith,[2] it violates the Arizona Free Exercise of Religion Act ("FERA"). As a threshold matter, in order to invoke the heightened scrutiny established by FERA, Husband must demonstrate that the family court order substantially burdens his free exercise of religion. *See* A.R.S. § 41-1493.01(B) ("Except as provided in subsection C, government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability."). "[T]he term substantially burden is intended solely to ensure that this article is not triggered by trivial, technical or de minimis infractions." A.R.S. § 41-1493.01(E).

¶14       Here, Husband does not demonstrate that the family court order substantially burdens his exercise of religion, because the modification of parenting time has, at most, a *de minimis* effect. Although the order does not guarantee that Husband will be able to celebrate the Bahá'í Faith holy days with his children, the order does not bar him from doing so.[3] Further, the order does not even have the incidental effect of barring Husband from celebrating these holy days if he cannot secure visitation. Thus, the family court order does not infringe upon Husband's religious liberties.

B.      *Reducing and Modifying Husband's Parenting Time*

¶15       Husband argues the trial court abused its discretion by modifying parenting time to reduce Husband's total number of visitation days and awarding him visitation on Sunday, a day Husband is regularly scheduled to work. Because Husband fails to cite any legal authority in support of this argument, we decline to reach the merits. *See* ARCAP 13(a)(6) (an opening brief must set forth "[a]n argument which shall

---

[2]      For an explanation of the Bahá'í Calendar, see National Spiritual Assembly of the Bahá'ís of the United States, The Bahá'í Calendar, http://www.bahai.us/welcome/principles-and-practices/bahai-calendar (last visited May 5, 2014).

[3]      We also note that Wife's testimony at the August 29 contempt hearing suggests that Husband can negotiate with Wife regarding parenting time in addition to those days mandated by the court order, which would include Bahá'í holy days.

contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."); *Polanco v. Indus. Comm'n of Ariz.*, 214 Ariz. 489, 492 n.2, ¶ 6, 154 P.3d 391, 394 n.2 (App. 2007). Accordingly, we affirm the family court order modifying parenting time.

## II. *Contempt for Failure to Pay Child Support*

**¶16** Husband appeals that portion of the family court's order related to Wife's petition for contempt. A finding of civil contempt is not appealable. *See, e.g.*, *Berry v. Superior Court*, 163 Ariz. 507, 508, 788 P.2d 1258, 1259 (App. 1989) ("The rule is well established that civil contempt adjudications are not appealable."). In the exercise of our discretion, however, we elect to treat Husband's appeal from the family court's contempt order as a petition for special action and accept special action jurisdiction. *See State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 18, 66 P.3d 70, 73 (App. 2003) (citation omitted); A.R.S. § 12-120.21(A)(4).

### A. *Social Security Benefits*

**¶17** Husband appears to argue that, beginning in April 2010, the children's social security benefits should have off-set the child support arrearage owed by Husband, and therefore should have mitigated "any claim of contempt of court or failing to attempt to pay court ordered amounts." In support of his argument, Husband cites Section 26(B)(1) of the Arizona Child Support Guidelines, which states:

> B. Benefits, such as Social Security Disability or Insurance, received by a custodial parent on behalf of a child, as a result of contributions made by the parent paying child support shall be credited as follows:
>
> 1. If the amount of the child's benefit for a given month is equal to or greater than the paying parent's child support obligation, then that parent's obligation is satisfied.

A.R.S. § 25-320 app. ("Guidelines"). However, the Guidelines do not end with Husband's quoted excerpt. Instead, the next section states:

> 2. Any benefit received by the child for a given month in excess of the child support obligation *shall not be treated as an arrearage payment* nor as a credit toward future child support payments.

Guidelines, § 26(B)(2) (emphasis added). Beginning in April of 2010, Wife became the representative payee and started receiving the social security payments on behalf of the children. However, Wife is not claiming, and the family court did not find, that Husband failed to pay child support beginning in April 2010; instead, it appears from this record that Husband's arrearages primarily stem from a July 2009 family court order for child support payments that Husband never satisfied. Thus, Husband's argument fails.

### B.     *Post-Traumatic Stress Disorder*

**¶18**        Husband argues that the family court erred by finding that Husband wilfully refused to pay court ordered attorneys' fees, costs, and child support arrearages. Specifically, Husband argues that the court discounted evidence that he suffers from PTSD. This argument is without merit. The family court expressed doubt that Husband suffered from PTSD, and we defer to that court's determination to the extent the issue is one of credibility. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16, 219 P.3d 258, 262 (App. 2009). The family court nonetheless found that, even if Husband has PTSD, he has remained willfully under-employed. The family court based its holding, at least in part, on its own observations of Husband's handling of this case, including Husband's demonstrated legal knowledge and ability. Therefore, on this record, we cannot say that the family court erred.

### CONCLUSION

**¶19**        We affirm that portion of the family court's order modifying parenting time, finding Husband in contempt, and entering judgment for unpaid child support arrearages, costs and attorneys' fees.

