IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In re the Matter of:
RACHEL KAMMA (f.k.a. GAUN), *Petitioner/Appellee,*

*v.*

AUSTIN MICHAEL GAUN, *Respondent/Appellant.*

No. 1 CA-CV 25-0197 FC

FILED 12-18-2025

---

Appeal from the Superior Court in Coconino County
No. SO300PO202400044
The Honorable Ted Stuart Reed, Judge

**VACATED AND REMANDED**

---

COUNSEL

Aspey, Watkins & Diesel, PLLC, Flagstaff
By Isabel M. Humphrey, Zacharias N. Hope
*Counsel for Petitioner/Appellee*

Harris & Winger, P.C., Flagstaff
By Chad Joshua Winger
*Counsel for Respondent/Appellant*

## OPINION

Presiding Judge Paul J. McMurdie delivered the Court's opinion, in which Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

**M c M U R D I E**, Judge:

**¶1**      Austin Michael Gaun ("Father") appeals from a protective order prohibiting contact with his child. We hold that the court improperly applied the "reasonable cause to believe" standard applicable to an *ex parte* protective order rather than the preponderance of the evidence standard applicable to determining a contested protective order. We vacate and remand for further proceedings consistent with this opinion.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**      Rachel Kamma ("Mother") petitioned the superior court for a protective order against Father for herself and Bailey (a pseudonym), their shared child. She feared Father's retaliation after receiving temporary parenting time and decision-making for Bailey, given a police and Department of Child Safety investigation of Father for sexual abuse allegations against Bailey. The court granted the protective order *ex parte*, prohibiting Father from having contact with Bailey or Mother.

**¶3**      Mother petitioned for parenting time and legal decision-making, and Father contested the protective order. The court considered both matters at a consolidated hearing. After both parties presented evidence, the court found reasonable cause to believe Father committed an act of domestic violence by molesting Bailey, and that Father's actions did not fall within the caretaker exception to sexual contact. *See* A.R.S. § 13-1401(3)(b) (Objectively reasonable caretaking is exempted from "sexual contact."); § 13-1410 (Molestation is sexual contact with a minor under fifteen.); §§ 13-3601(A) & 13-705(T)(1)(a)(iv) (Child molestation is an act of domestic violence.). The court continued the protective order as to Bailey but dismissed it as to Mother. Father appealed the modified order, and we have jurisdiction under the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1).

## DISCUSSION

**¶4**         We review the decision to continue a protective order for an abuse of discretion. *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014); *Mahar v. Acuna*, 230 Ariz. 530, 534, ¶ 14 (App. 2012). We review questions of law, including the interpretation of rules and statutes, *de novo*. *Garr*, 234 Ariz. at 544, ¶ 5 (questions of law); *Vera v. Rogers*, 246 Ariz. 30, 33, ¶ 11 (App. 2018) (rules and statutes).

**¶5**         The superior court must grant a protective order *ex parte* if there is "reasonable cause to believe" the defendant may commit an act of domestic violence in the future or has committed an act of domestic violence in the last year (or longer, good cause existing). *See* A.R.S. § 13-3602(E); *see also* Ariz. R. Protect. Ord. P. 23(e)(1) & (2). After the court grants a protective order, the defendant has a right to a hearing (on written request), where the order will be upheld if the plaintiff "prove[s] the case by a preponderance of the evidence." Ariz. R. Protect. Ord. P. 38(g)(3); *see also* A.R.S. § 13-3602(L). In other words, at a contested hearing, the plaintiff must prove by a preponderance of evidence either that the defendant has committed an act of domestic violence or that the defendant will likely commit one in the future. *See. Garr*, 234 Ariz. at 544, ¶ 6.

**¶6**         Father argues that the court erred by applying the "reasonable cause" standard at the contested hearing. Mother claims Father waived this argument by failing to raise it in the superior court. The Arizona Rules of Protective Order Procedure are silent on whether Father could have raised the argument in a reconsideration motion. Still, the protective order rules incorporate nonconflicting civil or family rules, depending on the type of case. Ariz. R. Protect. Ord. P. 2. Both the civil and family rules allow a motion for reconsideration. *See* Ariz. R. Civ. P. 7.1(e); Ariz. R. Fam. L.P. 35.1. Father could have moved for reconsideration, raising the issue.

**¶7**         While the general rule is that an issue not raised before the trial court is waived on appeal, *see, e.g.*, *Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994), "neither *Trantor* nor its progeny has created an unalterable rule of waiver," *Reid v. Reid*, 222 Ariz. 204, 208, ¶ 16 (App. 2009); *see also City of Tempe v. Fleming*, 168 Ariz. 454, 456 (App. 1991) (noting waiver rule "is procedural, not jurisdictional"). Whether to apply a waiver is discretionary, and we may elect to address the merits of waived issues if, among other things, "the record contains facts determinative of an issue which will resolve the action." *Fleming*, 168 Ariz. at 456. We decline to apply a waiver here and address the argument on its merits.

¶8 Mother needed to prove her case by a preponderance of the evidence at the contested hearing. Ariz. R. Protect. Ord. P. 38(g)(3). The superior court, however, never described the burden of proof as a preponderance of the evidence. Instead, the superior court described its duty as determining "whether there is reasonable cause to believe that the defendant . . . has committed an act of domestic violence within the past year." And twice, the court stated it found "reasonable cause to believe" Father committed an act of domestic violence. Although that is the correct standard when determining whether to grant an order of protection *ex parte*, reasonable cause is the incorrect standard for resolving whether the act occurred at a contested hearing. While we presume a trial court knows and accurately applies the law, that presumption is rebutted when, as here, the court applies the incorrect legal standard on the record. *See Hart v. Hart*, 220 Ariz. 183, 188, ¶ 18 (App. 2009).

¶9 Mother counters that this is not error because reasonable cause and a preponderance of the evidence are equivalent burdens of proof. To satisfy a preponderance of the evidence, a fact-finder must find that a fact's existence is more probable than not. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 25 (2005); *Maricopa County Juv. Act. No. J-84984* ("*Juvenile Action J-84984*"), 138 Ariz. 282, 283 (1983). Mother cites *Juvenile Action J-84984* and *JV-111701 v. Superior Court*—both juvenile delinquency cases—for the proposition that the standards of "reasonable grounds to believe" and "reasonable cause" require a fact to exist "more probably than not." *Juvenile Action J-84984*, 138 Ariz. at 284 (In addressing a transfer from juvenile court to adult criminal court, the court noted agreement "that the phrases probable cause and reasonable grounds to believe refer to the same standard of proof" and that "reasonable grounds to believe" required a finding that a juvenile court rule's criteria "exist more probably than not."); *JV-111701 v. Superior Court*, 163 Ariz. 147, 152 (App. 1989) (Based on *Juvenile Action J-84984*, the court equated reasonable cause and probable cause.).

¶10 Mother's interpretation is unpersuasive. For one, the explicit holding of both cases is that reasonable grounds and reasonable cause equal *probable cause*, not a preponderance of the evidence. *Juvenile Action J-84984*, 138 Ariz. at 284; *JV-111701*, 163 Ariz. at 152; *accord Gortarez ex rel. Gortarez v. Smitty's Super Valu, Inc.*, 140 Ariz. 97, 103 (1984) (For shopkeeper's privilege, probable cause and reasonable cause are equivalent.). Probable cause, unlike a preponderance of the evidence, does not require proof that the facts are more likely than not. *See, e.g., State v. Sisco*, 239 Ariz. 532, 535, ¶ 8 (2016); *Chalpin v. Snyder*, 220 Ariz. 413, 421, ¶ 32 (App. 2008). Thus, even if we were to adopt Mother's proposed standards, reasonable cause would

not be the same as a preponderance of the evidence because probable cause is not.

¶11 Reasonable cause and probable cause also carry different definitions in different contexts. In some contexts, reasonable cause or reasonable grounds equate to probable cause. *See JV-111701*, 163 Ariz. at 152 (pretrial juvenile detention); *Gortarez*, 140 Ariz. at 103 (shopkeeper's privilege). But other times, they reflect a lower standard. *State ex rel. Goddard v. W. Union Fin. Servs., Inc.*, 216 Ariz. 361, 368, ¶¶ 35-36 (App. 2007) (For racketeering record investigations, reasonable grounds "need not establish probable cause."). Similarly, there are at least two definitions of probable cause. Probable cause can be evidence from which a reasonable person would pursue a legal claim. *In re Est. of Shumway*, 198 Ariz. 323, 327, ¶¶ 12-13 (2000) (will contests); *Chaplin*, 220 Ariz. at 419-20, ¶ 24 (malicious prosecution). But in the criminal context, probable cause is a reasonable belief that a crime has been committed by an individual, *State ex rel. Collins v. Superior Court*, 132 Ariz. 479, 480 (1982) (returning an indictment), or that "contraband or evidence of a crime is present," *Sisco*, 239 Ariz. at 535, ¶ 8 (quotation omitted) (warrants). Regardless of which probable cause definition is used, the standard is not equivalent to a preponderance of the evidence, as noted above. Mother presents no compelling reason why the definitions from the juvenile delinquency cases are the most applicable here.

¶12 Thus, we hold that the reasonable cause required at an *ex parte* protective order hearing is a different, and lower, standard than the preponderance of the evidence standard required at a contested hearing.

¶13 Our interpretation tracks principles of textual interpretation. We read text in context and consider other usages on the same subject. *Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (2019); *Preston v. Kindred Hosps. W., L.L.C.*, 226 Ariz. 391, 393, ¶ 8 (2011) (Principles of statutory construction apply to court rules.). And "[a] cardinal principle of statutory interpretation is to give meaning, if possible, to every word and provision so that no word or provision is rendered superfluous." *Nicaise*, 245 Ariz. at 568, ¶ 11.

¶14 If, in this context, reasonable cause and a preponderance of the evidence are the same, then Arizona Rule of Protective Order Procedure 38(g)(3) is superfluous. That rule, which reads, "[f]or a protective order to remain in effect as originally issued or as modified at a hearing, the plaintiff must prove the case by a preponderance of the evidence," would carry no independent meaning. A plaintiff always bears the burden of proving his or her case. *See, e.g., Yeazell v. Copins*, 98 Ariz. 109, 116 (1965) ("The party

who asserts a fact has the burden to establish the fact."). Our interpretation gives meaning to all the terms in the rules and statutes on the burdens and standards of proof.

**¶15** Our interpretation also aligns Rule 38(g)(3) with related rules and statutes. Under this interpretation, a party may, under A.R.S. § 13-3602 and Rule 23, receive a protective order *ex parte* with a limited, but verified, showing. As protective orders arise from domestic violence, this request must be expedited if there is a threat to the plaintiff's safety. Ariz. R. Protect. Ord. P. 17. But once the *ex parte* order is issued, to protect the defendant's due process rights, the defendant may contest the order, and when that happens, the court must hear the matter "at the earliest possible time." A.R.S. § 13-3602(L). At the contested hearing, the order is subject to stricter scrutiny, actual evidence, and facts contested by adverse parties. *See* Ariz. R. Protect. Ord. P. 36-38. In this framework, the preponderance of the evidence standard acts as one of the heightened requirements protecting the defendant's rights once he or she contests the order.

**¶16** On the record presented, the superior court did not apply the preponderance-of-the-evidence standard at the hearing when it continued the order after receiving evidence. Thus, we vacate the modified protective order and remand for further proceedings. *See Hart*, 220 Ariz. at 188, ¶ 19 (Vacatur and remand are appropriate relief for application of the wrong evidentiary standard.). Because we vacate on this ground, we do not consider Father's other arguments.

## CONCLUSION

**¶17** We vacate and remand for further proceedings consistent with this opinion. Both parties request their attorney's fees on appeal under A.R.S. § 13-3602(T) and Arizona Rule of Protective Procedure 39. Per our discretion, we decline to award attorney's fees.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR